DAVID J. ZUGMAN, State Bar No. 190818
BURCHAM & ZUGMAN, A.P.C.
964 Fifth Avenue, Suite 300
San Diego, California 92101
Telephone: (619) 699-5931
Email: dzugman@burchamzugman.com
gburcham@burchamzugman.com

TERRY SINGLETON, State Bar No. 58316
GERALD SINGLETON, State Bar No. 208783
SINGLETON & ASSOCIATES
1950 Fifth Avenue #200
San Diego, CA 92101
Telephone: (619) 239-2196
Facsimile: (619) 702-5592
Email: terry@terrysingleton.com;
geraldsingleton73@yahoo.com

Attorneys for Plaintiff Adriana Fernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAMES RAY MORRIS, HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, IMPERIAL COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive.<br><br>　　　　Defendants. | Case No. '08 CV 0601 JLS JMA<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND VIOLATION OF CIVIL RIGHTS**<br><br>**(JURY TRIAL REQUESTED)** |

Adriana Fernandez, ("Plaintiff"), by and through her attorneys, David J. Zugman, Gary P. Burcham, Terry Singleton, and Gerald Singleton, hereby states and alleges as follows:

**INTRODUCTORY STATEMENT**

1. Title 42 U.S.C. Section 1983 provides a civil remedy for the violation of a person's constitutional or statutory rights by any person who is acting under the color of state law. In the instant matter, Plaintiff was sexually abused by Imperial County Deputy Sheriff Defendant James Morris at the Imperial County Jail while Defendant Morris was engaged in the performance of his official duties as an Imperial County Jail Correctional Officer. Plaintiff was coerced into sexual contact with Defendant Morris

based upon Defendant Morris' promises and threats to use his official position to either help or hurt Plaintiff. The sexual abuse of an inmate violates rights accorded to her under the Constitution and laws of the United States. The Imperial County Sheriff's Office, and the County of Imperial, share culpability in this invasion of Plaintiff's rights as Defendant Morris' predatory behavior was either willfully ignored or implicitly condoned by supervisors. The circumstances were such that the failure of Imperial County and the Imperial County Sheriff's Department to address this rampant problem at the Imperial County Jail that *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), liability is appropriate.

2. On March 19, 2007, Plaintiff was charged in federal court with importing marijuana into the United States. Though a federal inmate, because Plaintiff was arrested in Imperial County, she was sent to the Imperial County Jail (which contracts with the United States Marshal's Service to detain federal inmates in El Centro, California, prior to the time when they are brought before a District Court Judge in San Diego, California). Defendant Morris was employed as a deputy sheriff who was assigned by the Imperial County Sheriff's Department ("ICSD") to work as a guard at the Imperial County Jail. During Plaintiff's incarceration, Defendant Morris repeatedly pressured Plaintiff to have a sexual relationship with him. Defendant Morris used his position as a guard to pressure Plaintiff into having sexual relations with him. Defendant Morris's actions were outrageous abuses of the powers invested to him by the County of Imperial ("the County") and the Imperial County Sheriff's Department.

3. The incidents in which Defendant coerced Plaintiff into having sexual relations with him were <u>not</u> isolated. Defendant Morris also had sexual relations with at least two other females who were incarcerated at Imperial County Jail. In addition, Defendant Morris' actions in taking advantage of female inmates were aided and abetted and/or willfully ignored by other ICSD and County employees who knew about this predatory behavior. Morris' sexual acts with inmates occurred primarily, but not exclusively, in a room with boarded-up windows located adjacent to the recreation yard where there was no security camera, and a mattress on the floor.

4. Defendant Morris, and DOE Defendants, acted separately and together to deprive Plaintiff of rights guaranteed to her by the laws of this country and state. The ICSD and the County are liable in this matter as the lack of supervision, training, and response to this problem constituted a *de facto* "policy" in support of Defendant Morris' behavior and necessitates a finding of *Monell* liability.

## JURISDICTION

5.  This Court has jurisdiction to hear this case pursuant to Title 42 U.S.C. § 1983, Title 28 U.S.C. §§ 1331 and 1343, and Article III of the United States Constitution. With respect to the claims stated herein based upon state law, this Court has supplemental jurisdiction. *See* Title 28 U.S.C. § 1367(a); *Allen v. City of Los Angeles*, 92 F.3d 842, 945 (9th Cir. 1996). The Southern District of California is the proper venue because the acts and omissions alleged herein occurred in the County of Imperial, State of California, which is located within the Southern District of California.

## THE PARTIES

6.  Plaintiff Adriana Fernandez is a United States citizen who, at all times mentioned herein, resided in the County of Imperial, State of California.

7.  Defendant County of Imperial ("County") is a duly organized municipal corporation located in the State of California. Defendant Imperial County Sheriff's Department ("ICSD") is the legally organized Sheriff's Department for the County. The County, and the Imperial County Jail, are located within the Southern District of California.

8.  Defendant Harold Carter was, at certain times before and during the times set forth herein, the duly elected Sheriff of the County. As such, he was the commanding officer of the ICSD and was responsible for the training, suspension, hiring, and conduct of Defendants as more fully set forth herein. He is sued both individually and in his official capacity.

9.  Defendant Ray Loera is, and was at certain times, during the times set forth herein, the Sheriff of the County after Harold Carter left the position. As such, he was the commanding officer of the ICSD and was responsible for the training, suspension, hiring, and conduct of Defendants as more fully set forth herein. He is sued both individually and in his official capacity.

10. Defendant James Morris is, and at all times herein mentioned was, a law enforcement officer employed by ICSD and the County. In the course of his duties and acting under color of law, he inflicted the torts and violations of civil rights alleged herein. He is responsible by law for enforcing the regulations of the ICSD and upholding the laws of the State of California and the United States.

11. The unknown individuals who committed the acts alleged herein are sued as DOES. Plaintiff will seek leave to amend the Complaint to allege the true identities of these individuals when their identities

are discovered. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendant DOES 1 through 100, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" intentionally, negligently or in some other manner participated in the events and happenings herein referred to and negligently or in some other manner caused injuries proximately and directly to Plaintiff as herein alleged.

12.     At all times mentioned herein, each of the Defendants, including those designated by fictitious names, where the agents and employees of the remaining Defendants, conspired with them, and, in acting in the manner stated herein, were acting within the course and scope of such agency and/or employment, and also were acting in concert with one another.

## FACTUAL ALLEGATIONS

13.     In 2007, Defendant Morris was employed by the County and the ICSD and assigned to the Imperial County Jail as a Correctional Officer and/or guard. As part of his job, he had direct contact with female inmates.

14.     In or about April 2007, Plaintiff, Adriana Fernandez, was being held at the Imperial County Jail as a pre-trial detainee in federal court. Defendant Morris was one of the Correctional Officers with whom Plaintiff came into contact with during her stay at the Imperial County Jail. Soon after her arrival, Defendant Morris made small talk with Plaintiff, saying that he had recognized her from a previous term at the Imperial County Jail. The small talk from Defendant Morris progressed from flirtation to repeated and persistent requests that Plaintiff engage in sexual relations with him. Defendant Morris made it clear to Plaintiff that her acquiescing to his sexual desires would benefit her during her time in custody, while failing to do so would result in harsher treatment. After engaging in sexual contact with Defendant Morris, Plaintiff immediately noticed that something had changed, but it was not a good change. 24-48 hours after sexual contact with Defendant Morris, Plaintiff started suffering the first symptoms of a venereal disease she had contracted from Defendant Morris: syphilis. (There is no doubt that Plaintiff did not have syphilis at the time she was admitted to the Imperial County Jail as she tested negative for it at that time.)

15.     Around the time that Plaintiff first had sexual contact with Defendant Morris, she was placed in solitary confinement. The Correctional Officer in charge of taking Plaintiff to recreation – her only time

out of solitary confinement – was Defendant Morris. Defendant Morris again propositioned Plaintiff for sex, at which time Plaintiff informed Defendant Morris that she was symptomatic (she was already developing syphilitic sores.) The health of Plaintiff did not cause Defendant Morris's sexual interest to wane. The reason for this is that Defendant Morris already had syphilis, and it was he that had given it to Plaintiff. Prior to their initial sexual contact, Defendant Morris never informed Plaintiff that he had syphilis (or any other sexually transmitted disease). Had Plaintiff known Defendant Morris had syphilis, she would never have engaged in any sexual activity with him.

16. Defendant Morris continued to try to persuade, cajole, bribe, intimate, and pressure Plaintiff into having sexual relations with him. Because Defendant Morris had control of Plaintiff's time in the recreation yard, he could and did cut her time short if she did not consent to sex with him. Through his tactics and intimidation, Defendant Morris coerced Plaintiff into having sexual relations with him on several more occasions.

17. Defendant Morris was arrested and prosecuted by the Imperial County District Attorney's Office for his sexual conduct with Plaintiff. On September 13, 2007, Deputy Morris pled guilty to one felony count (violation of Cal. Penal Code Section 289.6(a)(2)) for the conduct outlined above. A total of 3 victims were named in the criminal complaint and sentencing forms issued by the Imperial County Superior Court.

18. Plaintiff is informed and believes that Defendant Morris' sexual relationships with Plaintiff and other inmates were well known to other inmates and to other ICSD deputy sheriffs, including supervisory employees of the ICSD and the County who worked at Imperial County Jail. (Indeed, Plaintiff is informed and believes that there were other ICSD and County employees who also sexually abused female inmates during this time period.) The actions of Defendant Morris (and possibly other ICSD and County employees) could not have occurred but for the help, assistance, and/or acquiescence of other ICSD deputy sheriffs and/or County employees who had a duty to protect the female inmates from this predatory behavior, but did nothing to stop it. The conduct of these individuals, as well as those charged currently as DOES, shows a corruption so pervasive that other ICSD and/or County employees must have assisted this conspiracy and/or failed to discharge their sworn duty to protect the rights of these vulnerable female inmates.

19. During all the acts set forth herein, Defendants, and each of them, were acting under the color of their authority as Deputy Sheriffs and/or law enforcement officers or agents of the County.

20. As a proximate result of the conduct of Defendants, and each of them, Plaintiff was hurt and injured in her strength, health and activity, sustaining injuries to her body and shock and injury to her nervous systems and person, all of which said injuries have caused, and will continue to cause, Plaintiff great mental, emotional, physical and nervous pain and suffering. Plaintiff is informed and believes and thereon allege that said injuries will result in permanent disabilities to Plaintiff.

21. As a further and proximate result of the conduct of said defendants, and each of them, Plaintiff will incur medical and incidental expenses in the future, including, but not limited to, the need to treat further outbreaks of the syphilis infection.

22. On or about June 27, 2007, Plaintiff was interviewed without counsel present (and despite her stated desire to have counsel present) about the above-listed events by Sheriff Loera and Raquel Escalante at the Geo Detention Facility in downtown San Diego. Plaintiff was in custody and was interrogated by Loera and Escalante regarding Morris. Plaintiff did not feel free to either terminate the encounter, to refuse to answer questions, or to otherwise end the questioning. Plaintiff answered questions in a small room for approximately 1 hour.

23. Plaintiff previously has presented claims to both the County of Imperial and the ICSD based on the aforementioned misconduct. The ICSD denied the claim, stating that Defendant Morris' conduct was handled administratively and that it has no ability to award damages. Plaintiff has not received any response from her claim filed with the County of Imperial. Accordingly, said claim is denied by operation of law. Finally, Plaintiff filed an administrative claim with the Imperial County Jail during her time in custody in order to exhaust any administrative remedies that might be available from the jail. Her exhaustion of these remedies resulted in no relief being granted to her.

## FIRST CAUSE OF ACTION

**(Deprivation of Rights Under Color of State Law - 42 U.S.C. § 1983 - As to All Defendants)**

24. Plaintiff reasserts and re-alleges Paragraphs 1 through 23 of this Complaint as though the same were set forth herein in full.

//

25. Plaintiff alleges that Defendants Morris, Carter, Loera, and DOES 1 through 100, employees of the County of Imperial, acting in the course and scope of their employment with Imperial County through its Sheriff's Office, and acting under the color of authority, violated the protections and rights guaranteed to Plaintiff by laws, treaties, and the Constitutions of the State of California and of the United States of America (including, but not limited to, the Fourth and Fourteenth Amendments).

26. Defendants Morris, Carter, Loera, and DOES 1 through 100, as of yet unknown officers and/or agents of the County and/or the ICSD individually, and through their conspiracy with one another, and pursuant to the official policy of Defendant ICSD, deprived Plaintiff of her federally protected constitutional rights while acting under color of their authority as law enforcement personnel. Defendants County and ICSD are liable because this incident resulted from official policy and/or a longstanding practice or custom of the police departments of these defendants.

27. Defendants Carter, Loera, the County, and ICSD, are liable because a policy or custom made, implemented or ratified by these defendants played a part in the violation of federal law by Defendants Morris, and DOES 1-100, which caused Plaintiff's injuries. In addition, each of these governmental entities is liable for the violations of constitutional rights committed by their agents, officers, and employees against Plaintiff because these constitutional violations were ratified by a policy-making level employee. Thus, Plaintiff contends that a policy-making level employee for each governmental entity defendant made, or ratified, a decision that deprived Plaintiff of her constitutional rights.

28. Defendants Carter, Loera, County of Imperial, and ICSD, are also liable through their (separate and joint) omissions and/or deliberate and willful indifference for the constitutional and statutory violations committed by its employees independent of ratification. Even if the policy and custom was not ratified by Defendants Carter, Loera, County of Imperial, and ICSD, and regardless of whether their policies were facially constitutional, whether Defendants did not direct the employee to take the unconstitutional action, and whether the municipality did not have the state of mind required to prove the underlying violation, the deliberate indifference of the County, Carter, Loera and ICSD led it to its omissions which allowed Defendant Morris and DOE defendants to engage in the systemic violation of Plaintiff's constitutional and statutory rights. Further, Defendants County, Carter, Loera, and ICSD were on actual or constructive notice that their omission(s) would likely result in a constitutional violation.

29. Defendants Morris, Carter, Loera, and DOES 1 through 100 conspired and arranged for Defendants' illegal treatment of Plaintiff not to be reported to proper authorities and for Defendants, including Defendant Morris, not to suffer any adverse consequences in their employment as a result of their illegal conduct toward Plaintiff.

30. In doing the acts described herein above, Defendants Morris, Carter, Loera, and DOES 1 through 100, were acting as the agents, servants, workmen, employees, and/or co-conspirators of all other defendants, and each of them. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining defendants, and in doing the things in here alleged, was acting within the scope of such agency. Defendant Morris, and any other DOE Defendant who acted as a supervisor during this the time the above-listed acts occurred, is liable both for his/her individual acts and for any other unconstitutional acts committed by others which the supervisory Defendant set in motion. Finally, Defendant Sheriffs Carter and Loera (and DOE supervisory ICSD employees sued herein as DOES 1-100) are liable because they ratified and/or condoned the unconstitutional and illegal conduct of Defendants Morris and DOES 1-100 and/or acted with willful and deliberate indifference toward the rights and safety of Plaintiff. Because Defendants Sheriff Carter and Loera and the supervisory DOE Defendants are sued in their official capacities (in addition to their individual capacities), the County is liable for their illegal conduct.

31. In committing the acts and omissions alleged and described herein above, Defendants were acting under the color of the laws of the State of California and the County of Imperial, to deprive Plaintiff of federally protected rights under the Fourth and Amendment. Each of the Defendants named herein acted under color of authority of the State of California and the County of Imperial.

32. At no time did Plaintiff give valid, lawful consent to the unlawful acts of Defendants, nor did Plaintiff ever give consent to any of the other unlawful and tortious actions committed by Defendants as alleged herein.

33. As a direct and proximate result of the above-described unlawful and malicious acts of Defendants, all committed under color of their authority and while acting in that capacity, Plaintiff suffered grievous bodily harm and extreme pain, and mental suffering, all of which is in violation of her rights under the laws and constitution of the United States.

34. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Constitution and laws of the United States (and particularly, the Fourth Amendment), in that the searches and seizures, assault and battery, false arrest and false imprisonment amounted to an arbitrary, unlawful intrusion by defendants into the security of Plaintiff's privacy, person, body, and bodily integrity, were not authorized by law. Additionally, Plaintiff's rights were violated in that the contacts on Plaintiff's person, restrictions of her movements, and damage to her person deprived Plaintiff of liberty and property interests without due process of law.

35. In doing the things herein alleged, Defendants, and each of them, acted willfully. The acts of each of the Defendants were in violation of the laws of the United States of America and the State of California and constitute malice, oppression, and fraud, in that the Defendants intended to cause injury to Plaintiff, thus entitling Plaintiff to punitive damages against all Defendants.

36. By this action, Plaintiff seeks all legal and equitable relief to which she may be entitled, including, but not limited to, compensatory and punitive damages, attorneys fees and costs, and prejudgment interest.

## SECOND CAUSE OF ACTION

### (Battery - As to all Defendants)

37. Plaintiff reasserts and re-alleges Paragraphs 1 through 36 of this Complaint as though the same were set forth herein in full.

38. In committing the acts and omissions as described herein above, Defendants Morris, and DOES 1 through 100, acted with the intent to physically make contact with (*i.e.*, "touch") Plaintiff.

39. At no time did Plaintiff give valid, lawful consent to any of the intentional, unlawful, harmful and offensive acts of the Defendants. Moreover, at no time did Defendant Morris inform Plaintiff that he had syphilis prior to having sexual contact with Plaintiff. At no time did Plaintiff give lawful consent to any touching by any Defendants, including Defendant Morris, and Defendants were not privileged to touch Plaintiff in the manner herein alleged above. The unlawful touching of Plaintiff by Defendants resulted in physical injury to Plaintiff. Defendants Carter, Loera, and the DOE Defendants are liable because they aided and abetted, ratified or condoned and/or conspired with Defendant Morris, and/or acted with deliberate indifference toward the violation of Plaintiff's rights by Defendant Morris. The County is liable

because the acts of its employees were done during the course and scope of their employment with the County. *See* California Government Code § 815.2(a) and 820(a), *inter alia*.

40. The aforementioned acts and omissions of the Defendants Morris, Carter, Loera and DOES 1 through 100, were willful, oppressive and undertaken with a conscious and reckless indifference to, and disregard of, Plaintiff's rights and safety. Accordingly, Plaintiff is entitled to exemplary and punitive damages in a sum sufficient to punish and make an example of Defendants Morris, Carter, Loera, and DOES 1-100.

41. Defendant County is liable under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants Morris, and DOES 1-100, were performed while Defendants were acting within the course and scope of their employment with the County and the ICSD.

## THIRD CAUSE OF ACTION

### (False Imprisonment - As to All Defendants)

42. Plaintiff reasserts and re-alleges Paragraphs 1 through 41 of this Complaint as though the same were set forth herein in full.

43. Immediately prior to the acts of Defendants Morris, and DOES 1-100, Plaintiff had been incarcerated in Imperial County Jail and was held in the general population of the institution. Because of the aforementioned incidents with Defendant Morris, Plaintiff's time in segregation was extended as part of Correctional Officer Morris' attempt to coerce additional sexual conduct out of Plaintiff and/or punish her for denials of his sexual advances. Defendant Morris is liable for his action pursuant to California Government Code § 820(a), *inter alia*. Defendants Carter, Loera, and the DOE Defendants are liable because they aided and abetted, ratified or condoned and/or conspired with Defendant Morris, and/or acted with deliberate indifference toward the violation of Plaintiff's rights by Defendant Morris. Defendants County of Imperial and the ICSD are liable under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants Carter, Loera, Morris, and DOES 1-100, were performed while Defendants were acting within the course and scope of their employment with the County of Imperial and the ICSD.

44. In falsely imprisoning Plaintiff, Defendants Morris, and DOES 1-100, acted with deliberate malice and oppression. The aforementioned acts and omissions of Defendants Morris, and DOES 1-100,

were willful, oppressive and performed with a conscious and reckless indifference to, and disregard of, Plaintiff's rights and safety, by reason of which Plaintiff is entitled to exemplary and punitive damages in a sum sufficient to punish and make an example of Defendants Morris, Carter, Loera, and DOES 1-100.

## FOURTH CAUSE OF ACTION

**(Negligent Hiring, Retention, Supervision, Training, and Control - As to Defendants Carter, Loera, County, ICSD and DOES 1-100)**

45. Plaintiff reassert and re-allege Paragraphs 1 through 48 of this Complaint as though the same were set forth herein in full.

46. At all times set forth herein, Defendants County of Imperial, Carter, Loera, the ICSD, and DOES 1-100, were responsible for the training, suspension, hiring, retention and conduct of Defendant Morris and DOES 1-100. Defendants County of Imperial, the Imperial Couty Sheriff's Department, and DOES 1-100, among others, its agents and employees, negligently hired, trained, retained, supervised, managed, directed and controlled the activities of Defendant Morris and DOES 1-100. This negligence includes, but is not limited to, inadequately training and supervising Defendants Morris, and DOES 1-100, failing to appropriately discipline and control Defendants Morris, and DOES 1-100, and hiring and retaining Defendants Morris,and DOES 1-100 despite knowing (through actual and/or constructive notice) that Defendants Morris, and DOES 1-100 were unfit and unsuitable to act as employees.

47. Defendants County of Imperial and the ICSD, as the entities which negligently hired, retained, controlled and supervised Defendants, are liable for their acts and omissions in this regard. Defendant Morris, and any other DOE defendant who acted in a supervisory capacity with respect to DOES 1-100, is liable for their negligent acts and omissions in this capacity. Any DOE defendant responsible for decisions regarding the hiring, retention, control, or training of Defendants Morris, and DOES 1-100, is liable for their acts and omissions in this regard. The individual defendants are liable for their actions pursuant to California Government Code § 820(a), *inter alia*. Defendants County of Imperial and the ICSD are liable under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants Morris, and DOES 1-100 were performed while defendants were acting within the course and scope of their employment with the County of Imperial and the ICSD.

//

48. The negligence of Defendants County of Imperial, the ICSD, and DOES 1-100, was a direct and proximate cause of the injuries to Plaintiff in that Defendants Morris, and DOES 1-100, while in the course and scope of their employment with the ICSD and the Imperial County Jail, committed the acts set forth above in violation of the laws of the United States of America, the state of California, and Plaintiff's civil rights.

## FIFTH CAUSE OF ACTION

### (Negligence - As to all Defendants)

49. Plaintiff reasserts and re-alleges Paragraphs 1 through 48 of this Complaint as though the same were here more fully set forth at length.

50. At all times set forth herein, Defendants County of Imperial, Carter, Loera, the ICSD, and DOES 1-100, were engaged in the training, supervision and setting departmental policy for their police officers. In so doing, Defendants owed a duty of reasonable care to all members of the public to protect them from suffering tortious harm at the hands of their employees. Defendants Morris, and DOES 1-100, and each of them, breached their duty of reasonable care by, among other things, violating Plaintiff's civil rights, battering Plaintiff, falsely imprisoning Plaintiff, and intentionally inflicting emotional distress upon Plaintiff.

51. The individual Defendants are liable for their actions pursuant to California Government Code § 820(a), *inter alia*. Defendants County and the ICSD are liable under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants Morris and DOES 1-100 were performed while defendants were acting within the course and scope of their employment with the County and the ICSD.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress - As to all Defendants)

52. Plaintiff reasserts and re-alleges Paragraphs 1 through 51 of this Complaint as though set forth herein in full.

53. On the date and time set forth above, Defendants Morris, and DOES 1-100, while in the course and scope of their employment with the County of Imperial and the ICSD, intentionally violated Plaintiff's civil rights, battered Plaintiff, and falsely imprisoned Plaintiff.

54. Plaintiff alleges that the conduct of Defendants, and each of them, was intentional, outrageous, unprivileged, and malicious and was committed for the purpose of causing Plaintiff to suffer, or with the knowledge that Plaintiff was certain to suffer, humiliation, mental anguish and emotional and physical distress. Defendants Morris, and DOES 1-100, are liable by virtue of the fact that they committed the initial assaults against Plaintiff. This includes, but is not limited to, the fact that Defendant Morris knowingly gave Plaintiff syphilis without informing her that he was infected with the disease. The conduct of Defendants County of Imperial, the ICSD, and DOES 1-100. In confirming and ratifying this conduct of Defendants was done with the knowledge that Plaintiff's physical and emotional distress would thereby increase, and was done with a wanton and reckless disregard for the consequences to Plaintiff. Defendants Carter, Loera, County of Imperial, and the ICSD's gross indifference to the suffering of Plaintiff (and other victims of Mr. Morris) coupled with the fact that said Defendants were on actual or constructive notice of the problem is sufficient to establish their liability for Defendant Morris and DOES 1-100 actions.

55. As a further proximate result of Defendants' acts as herein alleged, Plaintiff suffered severe humiliation, mental anguish and emotional and physical distress, and has been injured in mind and body, including but not limited to the continuing physical effects from contracting syphilis from Defendant Morris, all to Plaintiff's damage. The individual Defendants are liable for their actions pursuant to California Government Code § 820(a), *inter alia*. Defendants County of Imperial and the ICSD are liable under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants Morris, and DOES 1-100, were performed while defendants were acting within the course and scope of their employment with the County of Imperial and the ICSD.

56. In doing the things herein alleged, Defendants, and each of them, acted willfully. The acts of each of the Defendants were in violation of the laws of the United States of America and the State of California and constitute malice, oppression, and fraud, in that the Defendants intended to cause injury to Plaintiff, thus entitling Plaintiff to punitive damages from Defendants Morris, Carter, Loera, and DOES 1-100.

//
//
//

## SEVENTH CAUSE OF ACTION

**(Violations of Cal. Civ. Code Sections 52.1 and 52.3 - As to All Defendants)**

57. Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though set forth herein in full.

58. The conduct of Defendants Morris, and DOES 1-100, interfered with, violated and attempted to interfere with, by intimidation and force, Plaintiff's inalienable rights guaranteed by Article I, Sec. 1, of the California Constitution among which "are enjoying and defending life and liberty . . . and pursuing and obtaining safety, happiness, and privacy." Said conduct further interfered with Plaintiff's right of protection from bodily harm guaranteed by section 43 of the California Civil Code. Finally, said conduct violated Plaintiff's rights as guaranteed by California Civil Code §§ 52.1 and 52.3.

59. As a further proximate result of Defendants' acts as herein alleged, Plaintiff suffered severe humiliation, mental anguish and emotional and physical distress, and has been injured in mind and body, including but not limited to the continuing physical effects from contracting syphilis from Defendant Morris, all to Plaintiff's damage. The individual Defendants are liable for their actions pursuant to California Government Code § 820(a), *inter alia*. Defendants County of Imperial and the ICSD are liable under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants Morris, and DOES 1-100, were performed while defendants were acting within the course and scope of their employment with the County of Imperial and the ICSD.

## EIGHTH CAUSE OF ACTION

**(Violation of California Civil Code sec. 51-51.3, "Unruh Civil Rights Act" - As to All Defendants)**

60. Plaintiff incorporates by reference paragraphs 1 through 59 of this Complaint as though set forth herein in full.

61. The Unruh Civil Rights Act, California Civil Code sections 51 through 51.3, provides protection from discrimination by all business establishments in California, including housing and public accommodations. California Civil Code section 51(b) describes the protections found under the Unruh Civil Rights Act: All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full

//

1  and equal accommodations, advantages facilities, privileges, or services in all business establishments of
2  every kind whatsoever. *See* Civil Code § 51(b).
3     62.   Defendants Morris and DOES 1-100 deprived Plaintiff of her right to accomodation free of
4  discrimination because of the actions of Defendant Morris and other DOE Defendants.
5     63.   As a further proximate result of Defendants' acts as herein alleged, Plaintiff suffered severe
6  humiliation, mental anguish and emotional and physical distress, and has been injured in mind and body,
7  including but not limited to the continuing physical effects from contracting syphilis from Defendant
8  Morris, all to Plaintiff's damage. The individual Defendants are liable for their actions pursuant to
9  California Government Code § 820(a), *inter alia*. Defendants County of Imperial and the ICSD are liable
10 under California Government Code § 815.2(a), *inter alia*, because the acts and omissions of Defendants
11 Morris, and DOES 1-100, were performed while defendants were acting within the course and scope of
12 their employment with the County of Imperial and the ICSD.

### ATTORNEY'S FEES BASED ON CAL. CIVIL CODE § 1021.4
### (Defendant Morris convicted of Felony - Cal. Code of Civ. Pro. § 1021.4)

15    64.   California authorizes the award of attorney's fees in an action against a defendant convicted
16 of a felony in an action for damages incurred in the commission of that felony. Because Defendant Morris
17 was convicted of a felony in Imperial County (case: JCF20312) for the conduct alleged herein, Plaintiff
18 requests that attorney's fees pursuant to Cal. Civil Code § 1021.4 be awarded.

### JURY DEMAND

Plaintiff hereby respectfully makes a demand for a jury trial.

### PRAYER FOR JUDGMENT AND DAMAGES

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as follows:

(1)   for general damages in an amount according to proof at the time of trial;
(2)   for specific damages in an amount according to proof at the time of trial;
(3)   for punitive damages (against Defendants Morris, Carter, and Loera and DOES 1-100);
(4)   for attorney fees and costs pursuant to Title 42 U.S.C. §§ 1983, 1985, Cal. Civil Code §§ 52.1, *et seq.*, Cal. Civil Code § 1021.4, and any and all other federal, state or local statutory, case law or equitable powers of this Court that may apply;

(5) for an order granting such other and further relief, including pre-judgment interest, as the Court may deem equitable and just.

Respectfully submitted this 2nd day of April, 2008,

By: _____
DAVID J. ZUGMAN
GERALD SINGLETON
Attorneys for Plaintiff Adriana Fernandez

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
08 APR -2 AM 11:21
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
ADRIANA FERNANDEZ

**DEFENDANTS**
JAMES RAY MORRIS, HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, IMPERIAL COUNTY SHERIFF'S DEPT, DOES 1-100

(b) County of Residence of First Listed Plaintiff: IMPERIAL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: IMPERIAL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DAVID J. ZUGMAN, ESQ; BURCHAM & ZUGMAN, APC, 964 FIFTH AVE. #300 SAN DIEGO CA 92101 (619) 699-5930

Attorneys (If Known): '08 CV 0601 JLS JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. section 1983

Brief description of cause:
INJURIES CAUSED BY ACTIONS OF IMPERIAL COUNTY JAIL CORRECTIONAL OFFICER

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/2/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 149294    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

su 4/2/08

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

       # 149294          - SH
              April 02, 2008
                 11:19:09

              Civ Fil Non-Pris
       USAO #.: 08CV0601
       Judge..: JANIS L. SAMMARTINO
       Amount.:                    $350.00 CK
       Check#.: BC1584


              Total-> $350.00


              FROM: FERNANDEZ V. MORRIS ET AL
```