J. Scott Tiedemann, Bar No. 180456
stiedemann@lcwlegal.com
Judith S. Islas, Bar No. 117076
jislas@lcwlegal.com
Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Telephone: (559) 256-7800
Facsimile: (559) 449-4535
E-mail: jmaddox@lcwlegal.com

Attorneys for Defendants
HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, AND IMPERIAL COUNTY SHERIFF'S DEPARTMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ADRIANA FERNANDEZ,

Plaintiff,

v.

JAMES RAY MORRIS, HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, IMPERIAL COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive,

Defendants.

Case No. 08 CV 0601 JLS JMA

**DEFENDANTS HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, AND IMPERTY COUNTY SHERIFF'S DEPARTMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b) AND 12(b)(6)**

**[Concurrently filed with Notice of Motion and Motion to Dismiss; Request for Judicial Notice; and Declarations of Robert Cortez and Jessica Cisneros]**

**NO ORAL ARGUMENT REQUIRED**

Date: July 10, 2008
Time: 9:00 a.m.
Judge: Magistrate Judge Jan M. Adler
Courtroom: D

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTS ..... 3

III. PLAINTIFF'S CLAIMS ARE BARRED BECAUSE SHE HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES ..... 5

A. LEGAL STANDARD FOR MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES ..... 6

B. PLAINTIFF FAILED TO UTILIZE THE COUNTY JAIL'S GRIEVANCE PROCEDURE ..... 6

IV. IN ADDITION TO PLAINTIFF'S FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES, SHE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..... 8

A. LEGAL STANDARD FOR RULE 12(b)(6) MOTIONS TO DISMISS ..... 8

B. DEFENDANTS CARTER AND LOERA CANNOT BE PERSONALLY LIABLE ..... 9

1. Carter and Loera Cannot Be Personally Liable Under Federal Law For Plaintiff's § 1983 Claim ..... 9

a. Carter and Loera Are Entitled To Qualified Immunity ..... 9

b. Carter And Loera Did Not Personally Participate In The Alleged Constitutional Violations ..... 9

2. Carter and Loera Cannot Be Personally Liable For Plaintiff's State Law Claims ..... 11

a. Plaintiff Failed To Submit A Tort Claim Naming Carter Or And Loera ..... 11

b. Carter and Loera Did Not Participate In Or Direct Morris' Alleged Misconduct ..... 11

c. Carter and Loera Are Immune From State Law Claims Based On Discretionary Decisions Regarding Training And Supervision ..... 11

C. PUBLIC ENTITIES ARE IMMUNE FROM LIABILITY FOR INJURIES TO PRISONERS ..... 12

D. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BECAUSE SHE FAILED TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT ..... 12

1. Plaintiff Failed To Timely Submit A Claim Against The County ..... 13

2. Plaintiff Failed To Timely Submit Any Claim Against Sheriffs Carter and Loera ..... 14

E. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE BANE CIVIL RIGHTS ACT ..... 15

1. A Section 52.1 Claim Must Involve Violence Or The Threat Of Violence ..... 15

## TABLE OF CONTENTS
(continued)


Page

2. Defendants Carter And Loera Did Not Threaten, Intimidate Or Coerce Plaintiff ........ 16
3. Civil Code Section 52.3 Does Not Create A Private Cause Of Action ........ 16

F. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE UNRUH CIVIL RIGHTS ACT ........ 16
1. The County Jail Is Not A "Business Establishment" ........ 17
2. Plaintiff Has Not Alleged Discrimination Based On Protected Status ........ 17
3. Civil Code Sections 51.1, 51.2 and 51.3 Are Inapplicable ........ 17

G. PLAINTIFF HAS FAILED TO STATE A FALSE IMPRISONMENT CLAIM ........ 17

H. PLAINTIFF HAS FAILED TO STATE A SECTION 1983 CLAIM ........ 18
1. There Is No County Policy, Custom Or Practice Encouraging Sexual Relationships With Inmates ........ 18
2. Plaintiff Has Failed To Assert That Alleged Inadequate Training, Inadequate Supervision, or Deficient Hiring Policies Were The Moving Force Behind Her Injuries ........ 19

V. REDUNDANT, UNNECESSARY AND IMPROPER DEFENDANTS SHOULD BE DISMISSED ........ 21

VI. CONCLUSION ........ 21


LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

# TABLE OF AUTHORITIES

Page

**Cases**

*Alcala v. City of Corcoran*
147 Cal.App.4th 666 (2007) ..... 21

*Ard v. County of Contra Costa*
93 Cal.App.4th 339, 343 (2001) ..... 13

*Barney v. Pulsipher*,
143 F.3d 1299, 1307-08 (10th Cir. 1998) ..... 19

*Barren v. Harrington*
152 F.3d 1193, 1194 (9th Cir.1998) ..... 10

*Branch v. Tunnell*
14 F.3d 449, 454 (9th Cir. 1994) ..... 8

*Brewster v. Bd. of Education of the Lynwood Unified Sch. Dist.*
149 F.3d 971, 977 (9th Cir. 1998) ..... 9

*Brown v. Board of County Comm'rs for Bryan County*
502 U.S. 397, 404 (1997) ..... 20

*Brown v. Valoff*
422 F.3d 926, 937 (9th Cir. 2005) ..... 7

*City of Canton v. Harris*
489 U.S. 378, 388 (1989) ..... 19, 20

*Davis v. City of Ellensburg*
869 F.2d 1230 (9th Cir. 1989) ..... 20

*Estate of Abdollahi v. County of Sacramento*
405 F.Supp.2d 1194 (E.D.Cal. 2005) ..... 11, 12

*Hansen v. Black*
885 F.2d 642, 646 (9th Cir.1989) ..... 10

*Harlow v. Fitzgerald*
457 U.S. 800, 818 (1982) ..... 9

*Hernandez v. McClanahan*
996 F.Supp. 975 (N.D.Cal. 1998) ..... 13

*Ivey v. Board of Regents*
673 F.2d 266, 268 (9th Cir. 1982) ..... 19

*King County v. Rasmussen*
299 F.3d 1077, 1089 (9th Cir. 2002) ..... 18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

**TABLE OF AUTHORITIES**
**(continued)**


**Page**

*Larez v. City of Los Angeles*
946 F.2d 630, 646 (9th Cir. 1991)........ 12, 20

*Leer v. Murphy*
844 F.2d 628, 633-34 (9th Cir.1988)........ 9

*Luke v. Abbott*
954 F.Supp. 202, 203 (C.D.Cal. 1997)........ 21

*Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*
237 F.3d 1101, 1110-11 (9th Cir. 2001)........ 18

*Mack v. South Bay Beer Distributors*
798 F.2d 1279, 1282 (9th Cir. 1986)........ 8

*Mangold v. California Public Utilities Com'n*
67 F.3d 1470, 1477 (9th Cir. 1995)........ 13

*Martinez v. Cahill*
215 Cal.App.2d 823 (1963)........ 11

*May v. Enomoto*
633 F.2d 164, 167 (9th Cir. 1980)........ 10

*McLaughlin v. Superior Court*
29 Cal.App.3d 35, 38 (1972)........ 13

*Monell v. Dept. of Soc. Servs.*
436 U.S. 658 (1978)........ 10, 11, 18, 21

*Mullis v. United States Bankruptcy Court*
828 F.2d 1385, 1388 (9th Cir. 1987)........ 8

*Munoz v. State of California*
33 Cal.App.4th 1767, 1776, (1995)........ 13

*Neal v. Gatlin*
35 Cal.App.3d 871 (1973)........ 15

*Ornelas v. Giurbino*
358 F.Supp.2d 955, 959 (S.D.Cal. 2005)........ 6

*Ortega v. O'Connor*
764 F.2d 703, 707 (9th Cir.1985), *rev'd on other grounds*, 480 U.S. 709 (1987)........ 13

*Redman v. County of San Diego*
942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied*, 502 U.S. 1074 (1992)........ 10

*Rogers v. Centrone*
261 Cal.App.2d 361 (1968)........ 14


LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

## TABLE OF AUTHORITIES
(continued)

Page

*Schwenk v. Hartford*
204 F.3d 1187, 1197 (9th Cir. 2000) ..... 9

*Slaughter v. Legal Process & Courier Service*
162 Cal.App.3d 1236, 1247 (1984) ..... 17

*Sprewell v. Golden State Warrior*
266 F.3d 979, 988 (9th Cir. 2001) ..... 8

*Stamps v. Superior Court*
136 Cal.App.4th 1441, 1147-49, 1452, 1459 (2006) ..... 16

*Sullivan v. County of Los Angeles*
12 Cal.3d 710, 716 (1974) ..... 18

*Taormina v. Cal. Dept. of Corrections*
946 F.Supp. 829, 834 (S.D.Cal. 1996) ..... 17

*Taylor v. List*
880 F.2d 1040, 1045 (9th Cir. 1989) ..... 10

*Trevino v. Gates*
99 F.3d 911, 918 (9th Cir. 1996) ..... 18

*Vance v. County of Santa Clar*
928 F.Supp. 993, 996 (N.D.Cal.1996) ..... 21

*Winarto v. Toshiba American Electronics Components, Inc.*
274 F.3d 1276, 1289-90 (9th Cir. 2001) ..... 16

*Woodford v. Ngo*
548 U.S. 81, ---, 126 S.Ct. 2378, 2382-83 (2006) ..... 6

*Wright v. State*
122 Cal.App.4th 659, 668 (2004) ..... 5, 7, 12

*Wyatt v. Terhune*
315 F.3d 1108, 1119 (9th Cir. 2003) ..... 1, 6

**Statutes**

42 U.S.C. § 1997e(a) ..... 5

California Civil Code
Section 52.3(a) ..... 16
Section 52.3(b) ..... 16

California Government Code
Section 810 ..... 12
Section 810.8 ..... 12

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

## TABLE OF AUTHORITIES
## (continued)


**Page**

Section 820.2 .......... 11
Section 820.8 .......... 11
Section 910(e) .......... 11, 14
Section 911.2 .......... 13
Section 911.4(a) .......... 13
Section 911.4(b) .......... 13
Section 912.4 .......... 13
Section 946.6 .......... 13
Section 946.6(b) .......... 13
Section 950-950.6 .......... 14
Section 950.2 .......... 15

**Other Authorities**

1A Martin A. Schwartz, Section 1983 Litigation Claims and Defenses § 7.17[B], p. 7-167 (4th ed. 2008) .......... 20

1A Martin A. Schwartz, Section 1983 Litigation Claims and Defenses § 7.18[B], p. 7-205 (4th ed. 2008) .......... 20


LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

## I. INTRODUCTION

Defendants County of Imperial ("County"), former County Sheriff Harold Carter, current County Sheriff Raymond Loera, the Imperial County Sheriff's Department[1] (collectively "County Defendants"), bring this motion under the unenumerated provisions of Rule 12[2] and under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This lawsuit is a result of a consensual intimate relationship turned bad between Plaintiff, a former pre-trial detainee at the Imperial County Jail ("County Jail"), and Defendant Morris, a former Correctional Officer at the County Jail. By Plaintiff's own admission, and despite her conflicting allegations, her sexual relationship with defendant Morris was consensual. She admits to acquiescing to Morris' initial desires, and only regretted doing so after learning that she had contracted syphilis from Morris. In her Complaint, she admits that, "had [she] known [Morris] had syphilis, she would never have engaged in sexual activity with him." (Complaint ¶ 15.) This statement alone establishes that she was not coerced or intimidated into engaging in sexual acts with Morris, but rather, consented willingly.

While Morris' alleged involvement in the relationship is certainly unprofessional, unlawful, and far beyond any fathomable scope of his duties as a Correctional Officer, it does not create civil liability for the County Defendants under federal or state law. Therefore, the County Defendants seek to dismiss all of Plaintiff's claims against them.

The County Defendants' Motion to Dismiss is based on the following:

1. Federal and state law require a prisoner to exhaust her administrative remedies before filing a complaint in court. The County Jail had an established grievance procedure that

---

[1] The Imperial County Sheriff's Office is not a separate entity. It is a County department and not a proper defendant.

[2] The Ninth Circuit has concluded that the proper form of pretrial motion for raising a prisoner's failure to exhaust her administrative remedies is an "unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Plaintiff failed to utilize. Consequently, her federal and state law claims are barred.

2. Former Sheriff Carter and Sheriff Loera are entitled to federal (qualified) and state immunities from liability for Morris' alleged misconduct. It is evident from the Complaint that Plaintiff has named Carter and Loera as Defendants simply because they served as head of the County Corrections Division. Defendants Carter and Loera did not personally participate in any of the alleged misconduct that led to Plaintiff's alleged injuries. They also have not created any policies that Plaintiff has alleged to be the moving force behind Morris' alleged misconduct.

3. California public entities are immune from liability for injuries to prisoners pursuant to California Government Code section 844.6(a)(2).

4. Plaintiff cannot sue based on her state law claims because she has failed to comply with the California Tort Claims Act. Plaintiff failed to timely submit a claim to the County and unsuccessfully attempted to rectify her problem by filing subsequent late claims. None of Plaintiff's alleged tort claims identify Defendants Carter and Loera as being responsible for Plaintiff's alleged injuries, a prerequisite under the Tort Claim Act for bringing suit against them.

5. Plaintiff failed to state a claim under the Bane Civil Rights Act (Civ. Code, §§ 52.1 and 52.3). Section 52.1 only applies when an individual has interfered with another individual rights by using violence or threatening violence. Plaintiff has not alleged that Morris used or threatened violence against her. Section 52.3 does not create a private cause of action.

6. Plaintiff failed to state a claim under the Unruh Civil Rights Act (Civ. Code § 51, 51.1, 51.2 and 51.3). Section 51 prohibits discrimination by "business establishments," which does not include the County Jail. Furthermore, Plaintiff has failed to allege that she suffered discrimination as a result of being a member of a protected class. Sections 51.1, 51.2 and 51.3 have nothing to do with Plaintiff's Complaint and do not apply.

7. Plaintiff has failed to state a false imprisonment claim. Such claims can only be maintained by non-prisoners who are imprisoned unjustifiably. Plaintiff does not allege that she was unjustifiably imprisoned.

8. Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Municipal liability is inappropriate here because there was no policy, or widespread and persistent custom that

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

encouraged or tolerated Correctional Officers having sexual relationships with inmates. Furthermore, Plaintiff has not alleged, nor can she allege, that a Jail policy or custom was the moving force behind Morris' alleged misconduct.

## II. FACTS

Plaintiff filed her Complaint against Defendants and former County Correctional Officer James Morris on April 2, 2008. She has alleged a single federal claim and seven state law claims, which all arise out of a sexual relationship she had with Morris while incarcerated as a federal pre-trial detainee in the Imperial County Jail ("County Jail") in El Centro, California.

Specifically, the Complaint alleges the following claims: (1) deprivation of Plaintiff's federal Constitutional and statutory rights under 42 U.S.C. § 1983 (against all Defendants); (2) Battery (against all Defendants); (3) False Imprisonment (against all Defendants); (4) Negligent Hiring, Retention, Supervision, Training and Control (against County Defendants); (5) Negligence (against all Defendants); (6) Intentional Infliction of Emotional Distress (against all Defendants); (7) violation of California Civil Code sections 52.1 and 52.3 (against all Defendants); and (8) violation of California's Unruh Civil Rights Act (Cal. Civ. Code, § 51 et seq.) (against all Defendants). She has sued Defendants Carter and Loera in their individual and official capacities. (Complaint ¶¶ 8-9.) The claims are based on the following events.

On or about March 19, 2007, Plaintiff was charged with importing illegal drugs into the United States. (Complaint ¶ 2.) While awaiting trial on the federal criminal charge, she was detained at the County Jail, where Morris served as a Correctional Officer. (Complaint ¶¶ 2, 13.) Plaintiff alleges that, in or around April 2007, Morris sexually abused her and repeatedly coerced her into engaging in sexual acts with him. (Complaint ¶ 14.) Many of the sexual encounters occurred in "a room with boarded-up windows located adjacent to the recreation yard where there was no security camera, and a mattress on the floor." (Complaint ¶ 3.)

Prior to the beginning of Plaintiff's and Morris' sexual relationship, in April 2007, Morris allegedly told Plaintiff that he would treat her more favorably or harshly than other inmates, depending on her acquiescence to his sexual demands. (Complaint ¶ 14.) Plaintiff eventually

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

agreed to have intercourse with Morris and claims that she experienced symptoms of syphilis within 24-48 hours. (Complaint ¶ 14.) This allegation differs from another written statement by Plaintiff, referenced in her Complaint at paragraph 23. In that statement, she alleged that she did not experience symptoms until the following month.[3] Significantly, Plaintiff admits that, "had [she] known Defendant Morris had syphilis, she would never have engaged in any sexual activity with him." (Complaint ¶ 15.)

Around the same time Plaintiff initially had intercourse with Morris, she was placed in administrative segregation as a result of a fight with staff. (Complaint ¶ 15; Fernandez's January 16, 2008 complaint to the Sherriff's Office.[4]) She claims that, during her time in administrative segregation, Morris was her escort for recreation time and had the authority to control the duration of that time. (Complaint ¶¶ 15, 16.) Morris allegedly used this authority to pressure Plaintiff into additional sexual acts. (Complaint ¶ 16.)

On September 13, 2007, Morris pled guilty to one felony count of violating California Penal Code section 289.6, subdivision (a)(2) (Complaint ¶ 17), which makes it unlawful for any officer of a public detention facility to engage "in sexual activity with a consenting adult who is confined in a detention facility." Emphasis added. Plaintiff alleges that the criminal charge resulted from Morris' sexual relationship with her. (Complaint ¶ 17.)

Plaintiff claims the County Defendants should be liable for a variety of reasons. She alleges that the County Defendants willfully ignored or implicitly condoned Morris' behavior (Complaint ¶ 1); the County's alleged lack of supervision, training and response to Morris' alleged acts established a *de facto* policy (Complaint ¶ 4); the County breached its duty to protect Plaintiff's rights because its employees knew of Morris' sexual relationship with Plaintiff and did

---

[3] A copy of Plaintiff's prior written statement, which she references in ¶ 23 and allegedly submitted to the County in September 2007, is attached to Plaintiff's counsel's Application For Leave To Present Late Claim On Behalf Of Adriana Fernandez, which is attached to the Declaration of Jessica Cisneros as Exhibit A.

[4] A copy of Plaintiff's January 16, 2008 claim to the Sheriff's Office is referenced in Complaint ¶ 23 and is attached to the Declaration of Jessica Cisneros as Exhibit A.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

nothing to stop it (Complaint ¶ 18); and former Sheriff Carter and Sheriff Loera were responsible for Morris' training, suspension [sic], hiring and conduct (Complaint ¶¶ 8-9).

Plaintiff claims that she exhausted her administrative remedies prior to filing this lawsuit. (Complaint ¶ 23.) She allegedly filed separate claims with the County Jail, the County and the Imperial County Sheriff's Office. (Complaint ¶ 23.) She allegedly filed her claim with the County Jail "during her time in custody" and then filed a claim with the County, but received no response. (Complaint ¶ 23.) She alleges that the County's failure to respond constitutes a denial of the claim by operation of law.

Inconsistent with Plaintiff's allegation that the County denied her initial claim by operation of law, Plaintiff's counsel filed an "Application For Leave To Present Late Claim On Behalf Of Adriana Fernandez" ("Application for Leave") with the County on or about March 31, 2008. (See Ex. A to the Declaration of Jessica Cisneros, concurrently filed herewith.) It did not contain new facts or claims, but rather, asked the County to "receive and act" upon the deficient claim Plaintiff allegedly previously filed with the County. Plaintiff's counsel attached to the Application for Leave copies of claims Plaintiff allegedly submitted to the County on September 4, 2007 and Sheriff's Office on January 16, 2008, as well as a copy of the Sheriff's Office's February 19, 2008 written response.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

## III.
## PLAINTIFF'S CLAIMS ARE BARRED BECAUSE SHE HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES

Federal and state law require an inmate to exhaust administrative remedies prior to filing suit. The federal Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Similarly, "[u]nder [California] law, inmates are required to exhaust administrative remedies, even when seeking money damages unavailable in the administrative process." *Wright v. State*, 122 Cal.App.4th 659, 668 (2004).

Here, Plaintiff has failed to exhaust her administrative remedies and, as a result, this Court

should dismiss her Complaint in its entirety.

**A. LEGAL STANDARD FOR MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

An motion under the unenumerated provisions of FRCP Rule 12(b) is "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under the PLRA. *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003); *Ornelas v. Giurbino*, 358 F.Supp.2d 955, 959 (S.D.Cal. 2005). The non-exhaustion of administrative remedies as set forth in the PLRA is a defense the defendant has the burden of raising and proving. *Wyatt*, at 1117-19; *Ornelas*, at 959.

Unlike Rule 12(b)(6) motions to dismiss, "'in deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.'" *Ornelas*, at 959, *quoting Wyatt*, at 1119-20. "A court ruling on a motion to dismiss also may take judicial notice of 'matters of public record." "[I]f the district court looks beyond the pleadings . . . the court must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Wyatt*, at 1120 n. 14. "[When] the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

**B. PLAINTIFF FAILED TO UTILIZE THE COUNTY JAIL'S GRIEVANCE PROCEDURE**

Exhaustion under the PLRA and is mandatory and requires prisoners to exhaust "all 'available' remedies, not just those that meet federal standards," even if the relief sought (e.g., monetary damages) cannot be granted by the administrative process. *Woodford v. Ngo,* 548 U.S. 81, ---, 126 S.Ct. 2378, 2382-83 (2006). In order to satisfy the exhaustion requirement, a plaintiff must comply with all of a detention facility's procedural requirements. *Id.* at 2388.

Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983. *Woodford v. Ngo*, *supra*, 126 S.Ct. at 2383. Therefore, total exhaustion is required, meaning that a complaint containing a mixture of exhausted and nonexhausted claims must be dismissed in its entirety. *Ornelas v. Giurbino*, *supra*, 358 F.Supp.2d at 961-62. Total exhaustion prevents a plaintiff from litigating claims in piecemeal fashion. *Id.*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

It is the Defendants' responsibility to come forward with relevant evidence demonstrating that there were administrative remedies available to the prisoner. *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005). Relevant evidence may include statutes, regulations, official directives that explain the scope of the administrative review process, documentary or testimonial evidence from prison officials who administer the review process, and information provided to the prisoner concerning the operation of the grievance procedure. *Id.*

Like the federal PLRA, California law requires an inmate to exhaust all available administrative remedies prior to filing suit for money damages. *Wright v. State*, *supra,* 122 Cal.App.4th at 668.

In this case, Plaintiff was a detainee in the County Jail from about March 16 to May 11, 2007. (Decl. of Lt. Cortez, ¶ 4.[5]) At all times during Plaintiff's incarceration, the County Jail had a grievance procedure pursuant to title 15, section 1073 of the California Code of Regulations that allowed inmates to submit an Inmate Grievance Form regarding issues concerning their custody, medical attention and Jail policies and procedures. (Decl. of Lt. Cortez, ¶ 8, 9, 10.) A claim that a Correctional Officer is sexually harassing, sexually abusing or coercing an inmate to have sex is an appropriate topic for a grievance. (Decl. of Lt. Cortez, ¶ 14.) A claim that an inmate has been denied treatment when the inmate has exhibited symptoms of syphilis is also an appropriate topic for a grievance. (Decl. of Lt. Cortez, ¶ 14.) The grievance mechanism and Inmate Grievance Forms were easily accessible to Plaintiff at all times during her incarceration. (Decl. of Lt. Cortez, ¶ 9, 10.)

Upon receipt of an Inmate Grievance, resolution is attempted at the lowest possible level. (Decl. of Lt. Cortez, ¶ 12.) If a Correctional Officer is unable to resolve the grievance, or the inmate is unsatisfied with the resolution, the grievance moves up the chain of command to Corporal, then Sergeant, then Lieutenant, then Captain, then Under Sheriff, then finally to the

---

[5] The Declaration of Lieutenant Robert Cortez is being concurrently filed with this Motion.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Sheriff. (Decl. of Lt. Cortez, ¶ 12.) If the subject matter of a grievance is particularly egregious, the grievance can be immediately forwarded up the chain of command. (Decl. of Lt. Cortez, ¶ 12.) Resolution cannot include payment of money, but can prompt an investigation or lead to immediate correction of the problem. (Decl. of Lt. Cortez, ¶ 13.) If an inmate disagrees with the resolution, the inmate may appeal to the next highest level. (Decl. of Lt. Cortez, ¶ 12.)

During her incarceration at the County Jail, Plaintiff never filed a written inmate Grievance Form regarding Morris' alleged conduct or denial of medical service. (Decl. of Lt. Cortez, ¶ 15.) Likewise, following her transfer to another detention facility, Plaintiff never submitted a completed Inmate Grievance Form to the County Jail. (Decl. of Lt. Cortez, ¶ 15.) Consequently, Plaintiff failed to exhaust the administrative remedies available to her at the County Jail and her Complaint must be dismissed in its entirety.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

## IV.
## IN ADDITION TO PLAINTIFF'S FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES, SHE HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. LEGAL STANDARD FOR RULE 12(B)(6) MOTIONS TO DISMISS

A complaint is properly dismissed if the facts contained therein are insufficient to state a claim upon which relief may be granted. FRCP 12(b)(6). In deciding a motion to dismiss, a court need not accept allegations in the complaint as true if they are merely conclusory, unwarranted deductions of fact, or unreasonable inferences (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), or if they contradict matters properly subject to judicial notice or by exhibit attached to the complaint. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). A court may consider public records, including pleadings, orders, and other papers filed with the court or records of administrative bodies. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986). In addition, a defendant may attach to a Rule 12(b)(6) motion any document referred to in but not attached to a complaint, to show that the document does not support plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

**B. DEFENDANTS CARTER AND LOERA CANNOT BE PERSONALLY LIABLE**

Plaintiff has sued former Sheriff Carter and Sheriff Loera in their official and individual capacities. Defendants Carter and Loera cannot be personally liable for several reasons.

**1. Carter and Loera Cannot Be Personally Liable Under Federal Law For Plaintiff's § 1983 Claim**

**a. Carter and Loera Are Entitled To Qualified Immunity**

Qualified immunity provides a "far reaching" protection for government officials and safeguards all but the "plainly incompetent or those who knowingly violate the law . . . ." *Brewster v. Bd. of Education of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 977 (9th Cir. 1998). Public officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is available to officials who are unaware of a particular risk to an inmate or take reasonable measures to counter the risk. *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).

Here, it is evident from the Complaint that the only reason former Sheriff Carter and Sheriff Loera have been named in the lawsuit is because, as Sheriffs, each served as head of the County's Corrections Division. Plaintiff has not and cannot allege that either Sheriff was even remotely involved in Morris' alleged misconduct or aware that it was occurring during Plaintiff's brief incarceration. Although Plaintiff makes conclusory allegations that these Defendants were responsible for hiring, training and supervising Morris, she has not and cannot allege with any specificity whether Carter and Loera actually performed these functions with respect to Morris. Defendants Carter and Loera were unaware of Morris's sexual relationship with Plaintiff and, therefore, did not engage in conduct that violated Plaintiff's constitutional rights. Consequently, they are entitled to qualified immunity.

**b. Carter And Loera Did Not Personally Participate In The Alleged Constitutional Violations**

The law is clear that Plaintiff must establish individual fault since she seeks to hold the Defendants Carter and Loera personally liable for damages. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir.1988). Individual supervisory liability does not lie unless 1) the supervisor personally

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

participated in the deprivation of constitutional rights; 2) the supervisor knew of the violations and failed to act to prevent them; or 3) the supervisor implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights and is the moving force of the constitutional violation.'" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied*, 502 U.S. 1074 (1992); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). There is no respondeat superior liability under § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) [requiring personal participation in the alleged constitutional violations]; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980) [§ 1983 liability must be based on the personal involvement of the defendant]. In order to state a claim against an individual defendant for violation of § 1983, "[a] Plaintiff must allege facts, not simply conclusions, which show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998); emphasis added.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Plaintiff has not alleged any facts to show Defendants Carter or Loera were personally involved in the alleged deprivation of her Constitutional rights. Significantly, Plaintiff could not even allege whether it was Carter or Loera who served as Sheriff during her month long sexual relationship with Morris. Plaintiff makes conclusory allegations of a conspiracy, and failure to supervise and train. And although she alleges that Sheriff's Carter and Loera are somehow personally liable for Morris' actions because they were responsible for the County Sheriff's Department employees' "training, suspension [sic], hiring, and conduct," she fails to allege facts establishing that either Sheriff actually trained, hired or supervised Morris.

There are also no specific allegations that either Sheriff implemented a policy so deficient that the policy itself was not only unconstitutional, but also was the moving force behind Plaintiff's alleged injuries. Plaintiff's conclusory allegations are insufficient to support personal liability.

Plaintiff provides no factual allegations establishing actions Carter or Loera took in their individual capacity to personally deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments. Her claims against these Defendants in their individual capacities are based entirely on their titles and general ability to control employees within the County's

Corrections Division. Such a claim cannot be sustained. *See Monell* at 694 n. 58 [liability must be based on more than merely the right to control employees]. Consequently, the section 1983 claim against these individuals in their personal capacities should be dismissed.

**2. Carter and Loera Cannot Be Personally Liable For Plaintiff's State Law Claims**

**a. Plaintiff Failed To Submit A Tort Claim Naming Carter Or And Loera**

As discussed in further detail below, Plaintiff never filed a claim with the County that specifically identified Defendants Carter or Loera as being responsible for her alleged injuries. Such a claim is a prerequisite to filing a lawsuit against public employees under the California Tort Claims Act. Gov. Code, § 910(e). Accordingly, Plaintiff's state law claims against these Defendants in their individual capacities must be dismissed.

**b. Carter and Loera Did Not Participate In Or Direct Morris' Alleged Misconduct**

California's Tort Claims Act provides immunity to a public officer from liability based on subordinates' torts, unless it can be shown that the officer has directed such acts or personally co-operated therein. Cal. Gov. Code, § 820.8; *see also, Martinez v. Cahill*, 215 Cal.App.2d 823 (1963) [deputy chief not liable for subordinate officer's acts and omissions].

Here, as explained above, the only basis for Plaintiff including Defendants Carter and Loera in this lawsuit is their position as head of the Corrections Division. There is no suggestion that these Defendants personally participated in or in any way encouraged Morris' alleged conduct. Consequently, Defendants Carter and Loera are immune from Plaintiff's state law claims.

**c. Carter and Loera Are Immune From State Law Claims Based On Discretionary Decisions Regarding Training And Supervision**

Public officials, such as Defendants Carter and Loera, are immune from liability resulting from discretionary acts. Cal. Gov. Code, § 820.2. In *Estate of Abdollahi v. County of Sacramento*, 405 F.Supp.2d 1194 (E.D.Cal. 2005), the families of three inmates who committed suicide brought suit against various county jail employees for violating the inmates' federal Constitutional rights and related state law claims. The lawsuit also named the County Sheriff in his individual capacity for, *inter alia*, negligent supervision and training. The Court recognized

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

that the Sheriff served in only a supervisory role and was not responsible for the day-to-day operations of the jail. *Id.* at 1214. Consequently, his decisions regarding discipline and training of jail employees were protected by discretionary immunity. *Id.*

Here, Sheriffs Carter and Loera were merely the head of the Corrections Division. Plaintiff has not alleged that they were involved in the day-to-day operations of the County Jail, or that they were even actually and directly involved in the hiring, training and supervision of Morris. Consequently, Defendants Carter and Loera are entitled to discretionary immunity for decisions relating to hiring, supervising and training.

### C. PUBLIC ENTITIES ARE IMMUNE FROM LIABILITY FOR INJURIES TO PRISONERS

California Government Code section 844.6, subdivision (a)(2), states that a public entity is not liable for any injury to a prisoner. *See Wright v. State*, *supra*, 122 Cal.App.4th at 671-72 [state and its department of corrections immune from liability for prisoner's claims of intentional infliction of emotional distress and negligence]. "Injury" is defined, "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person." Gov. Code, § 810.8. This definition encompasses Plaintiff's state law claims. Consequently, the immunity in section 844.6 applies to the County and Plaintiff's state law claims must be dismissed with prejudice.

This immunity applies also to Sheriffs Carter and Loera in their official capacities. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ["[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself"]. Accordingly, Plaintiff's state law claims against these Defendants must be dismissed as well.

### D. PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BECAUSE SHE FAILED TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT

Plaintiff's Complaint includes seven state law claims, each for which she was required to submit a timely tort claim to the County pursuant to the California Tort Claims Act (Cal. Gov. Code, § 810 et seq.). A plaintiff's pendent state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the Tort Claims Act before

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

commencing a civil action. *See Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Ortega v. O'Connor,* 764 F.2d 703, 707 (9th Cir.1985), *rev'd on other grounds,* 480 U.S. 709 (1987). Here, Plaintiff has failed to comply with the Tort Claims Act in several respects. Accordingly, her state law claims should be dismissed.

**1. Plaintiff Failed To Timely Submit A Claim Against The County**

California's Tort Claims Act "requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Ard v. County of Contra Costa*, 93 Cal.App.4th 339, 343 (2001), citing Cal. Gov. Code, §§ 910, 912.4, 912.8, and 945.4, and *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776, (1995). Claims must be presented to the relevant entity within six months (personal injury or property damage) or one year (other causes of action) from when the cause of action accrues. Gov. Code, § 911.2. Presentation of a timely tort claim, when required, is a prerequisite to maintaining such a cause of action against a public entity. *Ard*, 93 Cal.App.4th at 343; *see also*, *Hernandez v. McClanahan*, 996 F.Supp. 975 (N.D.Cal. 1998). Upon receiving a claim, a public entity must grant or deny it within 45 days. Gov. Code, § 912.4. The claim is deemed rejected if the entity fails to act. *Id.*

If a claim is not timely presented, the claimant may make a written application to present a late claim. Gov. Code, § 911.4(a). The application must be made within a reasonable time not to exceed one year after the accrual of the cause of action. Gov. Code, § 911.4(b). When an application to file a late claim is denied, a claimant may petition the superior court for an order relieving the petitioner from the requirement that a claim be filed. Gov. Code, § 946.6. To be entitled to relief, the petitioner must demonstrate that an application was made to the public entity and was denied, and must establish one or more of the statutory bases for relief. Gov. Code, § 946.6(b). Failure to petition the court under section 946.6 usually bars action on the claim. *See generally, McLaughlin v. Superior Court*, 29 Cal.App.3d 35, 38 (1972).

Paragraph 23 of Plaintiff's Complaint alleges only that she has presented tort claims to the County and its Sheriff's Office. Significantly, it does not allege that she *timely* filed the claims because Plaintiff has not done so.

On or about March 31, 2008, Plaintiff's counsel filed with the County an Application for

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Leave, requesting that the County consider Plaintiff's claim nearly one year after it accrued. (See Plaintiff's Application for Leave and its attachments, attached as Exhibit A to the Declaration of Jessica Cisneros.) The Application for Leave did not present any facts or claims, but referred to attachments that Plaintiff had purportedly previously submitted. One of the attachments was a written claim to the Sheriff's Office submitted in January 2008, well past the six month filing limitations period. Another attachment was the Sheriff's Office's response to her claim. The response simply informs Plaintiff that the Sheriff's Office is incapable of awarding money damages. It did not "deny" the claim as Plaintiff alleges.

The other attachment to the Application for Leave is an undated, handwritten claim that the Application alleges Plaintiff submitted to the County in September 2007. This allegation is manifestly contradicted by the Plaintiff's and her counsel's actions. Had Plaintiff truly submitted her claim in September 2007 and had the claim "denied by operation of law," it would have been unnecessary to subsequently file a claim with the Sheriff's Office and the Application for Leave.

In addition, because Plaintiff's counsel chose to file an Application for Leave, which the County denied, Plaintiff is bound by the statutory requirement to petition the court for an order relieving her of her obligation to timely file a claim.

Plaintiff failed to timely file a tort claim with the County. She failed to allege that she has done so and judicially noticeable documents to which Plaintiff refers in her Complaint evidence that failure. Furthermore, she has failed to comply with statutory procedures excusing her from the requirement to file a claim. Consequently, Plaintiff's state law claims must be dismissed with prejudice.

**2. Plaintiff Failed To Timely Submit Any Claim Against Sheriffs Carter and Loera**

The claims procedures applicable to actions against public entities are the same for actions against public employees. Gov. Code, §§ 950-950.6; *see also Rogers v. Centrone*, 261 Cal.App.2d 361 (1968). A claimant must identify in her claim the names of the public employee(s) causing the injury in the claim. Gov. Code, § 910(e). Thus, presentation of a claim to the public employer and the employer's rejection of the claim are prerequisites to legal action against a public employee for acts and omissions that occur within the course and scope of the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

employee's employment. Gov. Code, § 950.2. When it is shown that a public employee was acting within the course and scope of the employee's conduct during the alleged acts or omissions, and that the plaintiff failed to submit a timely claim against the public employee, dismissal is warranted. *Neal v. Gatlin*, 35 Cal.App.3d 871 (1973).

In addition to the fact that Plaintiff never timely submitted a tort claim (as discussed above), her late claims and the claim she now purports she submitted in September 2007 do not even mention former Sheriff Carter or Sheriff Loera, let alone mention that either one was somehow responsible for her alleged injuries. (See Exhibit A attached to the Declaration of Jessica Cisneros.) The conduct for which Plaintiff seeks to hold them liable all occurred within the course and scope of their duties as Sheriff. (Complaint ¶ 8 & 9.) Thus, because the alleged conduct occurred within the course and scope of their employment, and Plaintiff failed to file a timely tort claim against them with the County, all state law claims against former Sheriff Carter and Sheriff Loera must be dismissed.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

### E. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE BANE CIVIL RIGHTS ACT

The seventh claim in the Complaint seeks to impose liability on all Defendants for violating California Civil Code sections 52.1 and 52.3, which are part of the Bane Civil Rights Act. This claim must be dismissed for several reasons.

#### 1. A Section 52.1 Claim Must Involve Violence Or The Threat Of Violence

Civil Code section 52.1, subdivision (b), authorizes a private cause of action against any individual who interferes with or attempts to interfere with, by threats, intimidation, or coercion, the exercise or enjoyment of rights secured by state or federal laws or the state or federal Constitutions. However, the statute states that speech alone is insufficient to support a claim under section 52.1(b), except upon a showing that the speech itself threatens violence; and the person against whom the threat is directed "reasonably fears that, because of the speech, violence will be committed against them or their property, and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code, § 52.1(j). Thus, in order for an individual to bring a claim under section 52.1, actual violence, or threats of violence must have

occurred. *See Winarto v. Toshiba American Electronics Components, Inc.*, 274 F.3d 1276, 1289-90 (9th Cir. 2001); *Stamps v. Superior Court*, 136 Cal.App.4th 1441, 1147-49, 1452, 1459 (2006).

Here, Plaintiff has not alleged that Morris used violence or threats of violence to interfere with her federal Constitution rights. She also has not alleged that she feared she Morris would use violence if she declined to engage in sexual activity with him. She alleges only that Morris' used speech and his authority to control her recreation time as a means of intimidating and coercing her into sexual activity. Her allegations are insufficient to support a claim under Civil Code section 52.1. Thus the claim must be dismissed.

**2. Defendants Carter And Loera Did Not Threaten, Intimidate Or Coerce Plaintiff**

Plaintiff has not alleged that Defendants Carter or Loera threatened, intimidated or coerced her into engaging in sexual activity with Morris. Consequently, she cannot maintain a claim against them in their individual capacities.

**3. Civil Code Section 52.3 Does Not Create A Private Cause Of Action**

Unlike Civil Code section 52.1, section 52.3 does not authorize a private cause of action. Rather, it authorizes the state Attorney General to bring a civil action "to obtain appropriate equitable and declaratory relief" to eliminate a state governmental agency's "pattern or practice of conduct by law enforcement officers that deprives any person of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States or by the Constitution or laws of California." Cal. Civ. Code, § 52.3(a) and (b). Consequently, Plaintiff's claim under this section must be dismissed.

**F. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE UNRUH CIVIL RIGHTS ACT**

The eighth claim in the Complaint seeks to impose liability on all Defendants for violating California Civil Code sections 51, 51.1, 51.2 and 51.3, which are part of the Unruh Civil Rights Act. This claim must be dismissed for several reasons.

**1. The County Jail Is Not A "Business Establishment"**

Civil Code section 51 states,

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services *in all business establishments* of every kind whatsoever. (Emphasis added.)

This Court previously established that "a prison does not qualify as a business entity under Cal. Civ. Code section 51." *Taormina v. Cal. Dept. of Corrections*, 946 F.Supp. 829, 834 (S.D.Cal. 1996). Although *Taormina* addressed a state prison, the Court's analysis applies with equal force to county jails. Consequently, Plaintiff cannot maintain an action under Civil Code section 51 and the claim must be dismissed.

**2. Plaintiff Has Not Alleged Discrimination Based On Protected Status**

By its plain language, Civil Code section 51 prohibits discrimination against individuals that fall within the protected categories listed in the statute. Plaintiff has failed to allege that she is a member of a listed protected class or that the Defendants discriminated against her based on her protected status. Consequently, her eighth claim must be dismissed. *See Slaughter v. Legal Process & Courier Service*, 162 Cal.App.3d 1236, 1247 (1984) [Unruh cause of action dismissed for failure to allege discrimination on the basis of protected status].

**3. Civil Code Sections 51.1, 51.2 and 51.3 Are Inapplicable**

Further evidencing Plaintiff's unreasonable shotgun approach to this lawsuit, Civil Code sections 51.1, 51.2 and 52.3 have nothing to do with the allegations in Plaintiff's Complaint. Civil Code section 51.1 identifies procedures a plaintiff must follow when bringing a cause of action under Civil Code section 51.1 in state court. Section 51.2 prohibits age discrimination in housing. Section 51.3 addresses senior citizen housing. These claims must be dismissed.

**G. PLAINTIFF HAS FAILED TO STATE A FALSE IMPRISONMENT CLAIM**

The third claim in the Complaint alleges that Defendants falsely imprisoned Plaintiff in violation of state law. The claim is based solely on Plaintiff's allegation that her time in administrative segregation was unjustifiably extended as a part of Morris' attempts to coerce her into sexual activity. Plaintiff has failed to state a claim of false imprisonment.

The California Supreme Court has established that, "[i]n a false imprisonment case, the 'injury' suffered by an individual is the illegal confinement itself rather than any detriment

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

occurring after imprisonment." *Sullivan v. County of Los Angeles*, 12 Cal.3d 710, 716 (1974). "[I]n other words, false imprisonment is not an 'injury to a prisoner' but instead is an injury to a non-prisoner which converts him into a prisoner." *Id.*

Here, Plaintiff was a prisoner when assigned to the administrative segregation unit for her misconduct. She has not alleged that she was being falsely detained in the County Jail. Consequently, her false imprisonment claim must be dismissed.

### H. PLAINTIFF HAS FAILED TO STATE A SECTION 1983 CLAIM

#### 1. There Is No County Policy, Custom Or Practice Encouraging Sexual Relationships With Inmates

Public entities are liable for constitutional violations under section 1983 only if the individual officer who committed the violation was acting pursuant to local policy. *Monell, supra,* 436 U.S. 658 ("*Monell*"); *King County v. Rasmussen*, 299 F.3d 1077, 1089 (9th Cir. 2002). Under *Monell,* requisite elements of a § 1983 claim against a municipality are: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the "moving force" behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled policy." *Monell* at 691. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted).

Here, other than make conclusory allegations of a *de facto* policy, Plaintiff has done nothing to show that Morris' alleged conduct was anything but isolated misconduct driven by his own sexual desires. She has not alleged that even one other staff member has made advances toward her pursuant to this allegedly widespread and rampant custom and could not name even one person that directly assisted Morris in his pursuits. In fact, she alleges that Morris alone 'outrageously abused the power given to him by the County' (Complaint ¶ 2) by single-handedly

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

extending her time solitary confinement (Complaint ¶ 43), controlling her recreation time (Complaint ¶ 15, 16), and engaging in sexual activity with her in a room where no one could see what they were doing (Complaint ¶ 3). Her allegation that he could not have engaged in this alleged conduct without the assistance of other County employees (Complaint ¶ 18) is an unwarranted deduction of fact and contradicted by her specific allegations of Morris' alleged misconduct. Plaintiff's implication that a County-wide custom existed because of one individual's alleged misconduct over a short period is insufficient to create *Monell* liability. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998) [holding that jailer's sexual assaults of two inmates during their two-day incarcerations were not enough to establish a policy of inadequate training, supervision and hiring].

Furthermore, Plaintiff has failed to allege that the alleged *de facto* policy was the "leading" or "moving" force behind the alleged constitutional violation. She alleges that the "policy or custom . . . played a part in the violation" (Complaint ¶ 27), but fails to specify how. In fact, as explained in the preceding paragraph, Plaintiff's specific allegations establish that Morris' unrelenting sexual desires were the moving force.

Plaintiff's allegations are conclusory and insufficient to impose *Monell* liability on the County Defendants for Morris' conduct. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) [vague and conclusory allegations of official participation in civil rights violation insufficient to withstand motion to dismiss]. Thus, her § 1983 claim against the County Defendants must be dismissed.

**2. Plaintiff Has Failed To Assert That Alleged Inadequate Training, Inadequate Supervision, or Deficient Hiring Policies Were The Moving Force Behind Her Injuries**

Plaintiff makes repeated conclusory allegations that the County is subject to "*Monell* liability" for providing inadequate training and supervision, and inadequately responding to Morris' conduct. (*See e.g.*, Complaint ¶ 4.) Inadequate training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom law enforcement officers come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff alleging inadequate training as a basis for § 1983 liability must

allege "*specific* training deficiencies as opposed to a mere general allegation of 'inadequate training.'" 1A Martin A. Schwartz, Section 1983 Litigation Claims and Defenses § 7.17[B], p. 7-167 (4th ed. 2008), *citing City of Canton v. Harris* [emphasis in original]. A "high degree of fault" is required for inadequate training to justify municipal liability. *City of Canton*, at p. 396 (O'Connor, J., concurring in part and dissenting in part). The alleged failure to train must reflect a deliberate or conscious choice by a municipality." *Id.* at 389. Furthermore, the plaintiff must be able to show that the inadequate training policies were a direct cause of and "closely related to" the plaintiff's alleged injury. *Id.* at 388, 391.

Courts have extended the *City of Canton* deliberate indifference standard to municipal liability claims based on inadequate supervision or response. *See, e.g., Davis v. City of Ellensburg*, 869 F.2d 1230 (9th Cir. 1989). Liability under these circumstances requires a pattern of constitutionally offensive conduct by subordinates, of which supervisory officials have or should have knowledge, yet fail to take corrective action. 1A Martin A. Schwartz, Section 1983 Litigation Claims and Defenses § 7.18[B], p. 7-205 (4th ed. 2008). As with other municipal policies, deliberately indifferent supervision must be the "moving force" of the violation of the plaintiff's federal right in order for municipal liability to attach under § 1983. *Brown v. Board of County Comm'rs for Bryan County*, 502 U.S. 397, 404 (1997).

All of these forms of liability require either the supervisor's personal involvement in initiating the unconstitutional acts or their knowing refusal to terminate a series of acts by others. *Larez v. City of Los Angeles*, *supra*, 946 F.2d at 646.

Here, Plaintiff has failed to allege that Sheriffs Carter and/or Loera were personally involved in Morris' alleged misconduct. In addition, Plaintiff has failed to allege a specific training or hiring policy that directly caused or was the moving force behind the violation of her federal rights. Furthermore, she has failed to allege what action the Sheriff's Carter or Loera took, how such action was inadequate, or how the inadequate response was the direct cause of her constitutional claims. Accordingly, Plaintiff has failed to state a claim against the County Defendants and the section 1983 claim must be dismissed.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

## V.
## REDUNDANT, UNNECESSARY AND IMPROPER DEFENDANTS SHOULD BE DISMISSED

Plaintiff's Complaint names redundant and improper Defendants. First, naming Sheriff's Carter and Loera in their official capacities is redundant because the County has also been named. Official capacity suits are generally another way of pleading an action against an entity of which the officer is an agent. *Monell, supra*, 436 U.S. 658, 690, n. 55. For this reason, when both an officer and the government employer are named in a lawsuit, naming the officer in his or her official capacity is redundant and claims against the officer in that capacity may be dismissed. *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D.Cal. 1997) citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal.1996). Consequently, the section 1983 claim against Mr. Carter and Sheriff Loera in their official capacities is redundant and should be dismissed.

Second, Plaintiff's lawsuit names the County and the County's Sheriff's Department as separate Defendants. However, the Sheriff's Department is not a separate entity; it is legally a department of the County. *See*, *Alcala v. City of Corcoran*, 147 Cal.App.4th 666 (2007). Thus, the "Imperial County Sheriff's Department" should be dismissed from this lawsuit as an improper and unnecessary party.

## VI.
## CONCLUSION

Based on the foregoing, Defendants County of Imperial, Imperial County Sheriff's Department, former Sheriff Harold Carter, and Sheriff Carter respectfully request that this Court grant their motion to dismiss Plaintiff's Complaint in its entirety, without leave to amend.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

Dated: May 21, 2008

Liebert Cassidy Whitmore

By: [signature]
Jesse J. Maddox
J. Scott Tiedemann
Judith S. Islas
Attorneys for Defendants
HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, AND IMPERIAL COUNTY SHERIFF'S DEPARTMENT

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711