```
 1  J. Scott Tiedemann, Bar No. 180456
    stiedemann@lcwlegal.com
 2  Judith S. Islas, Bar No. 117076
    jislas@lcwlegal.com
 3  Jesse J. Maddox, Bar No. 219091
    jmaddox@lcwlegal.com
 4  LIEBERT CASSIDY WHITMORE
    A Professional Law Corporation
 5  5701 N. West Avenue
    Fresno, CA  93711
 6
    Telephone:    (559) 256-7800
 7  Facsimile:    (559) 449-4535
    E-mail:       jmaddox@lcwlegal.com
 8
    Attorneys for Defendants
 9  HAROLD CARTER, RAYMOND LOERA,
    COUNTY OF IMPERIAL, AND IMPERIAL
10  COUNTY SHERIFF'S DEPARTMENT
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES RAY MORRIS, HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, IMPERIAL COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No.  08 CV 0601 JLS JMA<br><br>**DEFENDANTS HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, AND IMPERTY COUNTY SHERIFF'S DEPARTMENT'S APPENDIX OF UNREPORTED/UNPUBLISHED CASES IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**[Concurrently filed with Memorandum of Points and Authorities; Request for Judicial Notice; and Declarations of Robert Cortez and Jessica Cisneros]**<br><br>**NO ORAL ARGUMENT REQUIRED**<br><br>Date:　　　July 10, 2008<br>Time:　　　9:00 a.m.<br>Judge:　　　Magistrate Judge Jan M. Adler<br>Courtroom:　D |

　　　　Defendants attach the following unreported/unpublished case for the Court's reference:

　　　　1.　*Shaw v. County of San Diego*, 2007 WL 2385093 (S.D.Cal. 2007).

---

4719.1 IM040-032                                                    08 CV 0601 JLS JMA

| | | |
|---|---|---|
| 1 | Dated: May 21, 2008 | Liebert Cassidy Whitmore |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Jesse J. Maddox |
| | | J. Scott Tiedemann |
| 5 | | Judith S. Islas |
| | | Attorneys for Defendants |
| 6 | | HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, AND IMPERIAL COUNTY SHERIFF'S DEPARTMENT |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

**Westlaw.**

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
(Cite as: 2007 WL 2385093 (S.D.Cal.))

Page 1

C
Shaw v. County of San Diego
S.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. California.
Walter M. SHAW, Plaintiff,
v.
COUNTY OF SAN DIEGO; Alpine Sanitation District; San Diego Flood Control District; and Does 1-100, Defendants.
No. 06-CV-2680-IEG (POR).

Aug. 16, 2007.

Walter M. Shaw, Bonita, CA, pro se.
C. Ellen Pilsecker, San Diego, CA, for Defendants.

**ORDER: 1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; and 2) DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

IRMA E. GONZALEZ, Chief Judge.

*1 Presently before the court is a motion to dismiss filed by the County of San Diego ("County"), the Alpine Sanitation District, and the San Diego Flood Control District (collectively "defendants"). (Doc. No. 14.) For the following reasons, the court grants defendants' motion in part and denies defendants' motion in part.

**BACKGROUND**

This case involves approximately 14 acres of land ("property") in San Diego county that Walter M. Shaw ("plaintiff") once owned. (Amended Complaint ("AC") ¶ 8.) According to plaintiff, defendants conspired with one another over the course of 16 years to illegally utilize plaintiff's land. (Complaint ("Compl.") at ¶¶ 2-4, 6-8, 34.)

At some point in the 1980's, developers began building a subdivision called Crown Hills adjacent to plaintiff's property. (Id. ¶ 30.)Construction of the Crown Hills development necessitated connecting an existing main sewer line to the subdivision site. (Id. ¶ 31.)Plaintiff alleges that rather than constructing a pump and a connecting sewer line, defendants created a fraudulent map showing a pre-existing sewer line running through plaintiff's property, which could be used to connect the main sewer line to the subdivision. According to plaintiff, no such sewer line ever existed on his property. (Id. ¶ 33.)

The complaint does not clearly state the time line for subsequent events, but at some point after the fraudulent map was created, plaintiff began creating a site preparation map for his property. (Id. ¶ 42.)Plaintiff needed the approval of the County for this site preparation map. (Id.) Plaintiff alleges that the County required him to grant an easement through his property for the sewer line needed for the Crown Hills development before it would approve his site preparation map. (Id. ¶¶ 34, 37, 40.)In 1986, plaintiff granted the easement to Alpine Sanitation District and San Diego Flood Control District.[FN1](Id. ¶¶ 34, 43.)According to plaintiff, defendants used the 1985 fraudulent map and the easement plaintiff granted in 1986 to gain approval of the Crown Hills development plan in 1987. (Id. ¶¶ 37, 40.)Plaintiff alleges a lien was placed on his property in 1989 to finance the construction of the sewer line. Plaintiff claims the lien was improper because defendant had responsibility for financing and maintaining the sewer line.(Id. ¶¶ 42, 43.)Sometime in 2001, plaintiff became aware of the fraudulent map and also lost title to the property. (Id. at ¶ 39.)

> FN1. Plaintiff alleges Alpine Sanitation District and San Diego Flood Control District are municipal agencies that answer to defendant County of San Diego. (Id. ¶ 22.)

On December 27, 2001, plaintiff filed a tort claim against the County with the Claims Division of the County of San Diego. (Id. ¶ 9.) On August 1, 2002, plaintiff filed a three-count complaint against the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
(Cite as: 2007 WL 2385093 (S.D.Cal.))

Page 2

County in Superior Court alleging violation of a mandatory duty, negligence, and inverse condemnation.(*Id.* ¶ 10.)The state trial court granted the County's motion for summary judgment on November 3, 2003 and entered judgment on January 29, 2004. (*Id.* ¶ 11.)

*2 On December 23, 2003, plaintiff filed an appeal of the state trial court's grant of summary judgement. (*Id.* ¶ 12.)The California Court of Appeal affirmed the state trial court's decision on July 15, 2005. (*Id.* ¶ 16.)Plaintiff moved for rehearing, which the California Court of Appeal denied on August 8, 2005. (*Id.* ¶ 17.)Plaintiff then appealed to the California Supreme Court, which denied plaintiff's petition for review on October 12, 2005. (*Id.* ¶ 18.)

After having exhausted the review available in the state courts, plaintiff filed a petition for writ of certiorari with the United States Supreme Court, which was denied on April 17, 2006. (*Id.* ¶ 19.)Plaintiff also filed a petition for rehearing. The Supreme Court denied plaintiff's petition on July 31, 2006. (*Id.* ¶ 20.)

*Procedural Background*

On December 8, 2006, plaintiff, proceeding pro se, filed a three-count complaint against defendants asserting: 1) use of a fraudulent map in violation of the Fifth Amendment Takings Clause; 2) use of a fraudulent map in violation of the California Subdivision Map Act; 3) Fraudulent Concealment of a mandatory duty; and 4) taking of property in violation of the Fifth and Fourteenth Amendment rights to due process. (Doc. No. 1.) Defendants filed a motion to dismiss, (Doc. No. 6), which the court granted on February 27, 2007. (Doc. No. 10.)

Plaintiff filed an amended complaint on April 27, 2007. (Doc. No. 13.) Defendants filed a motion to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) on May 7, 2007.$^{FN2}$Plaintiff filed an opposition on July 19, 2007, (Doc. No. 17),

and defendants filed their reply on July 30, 2007. (Doc. No. 18.) The matter is now fully briefed, and the court finds it appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

FN2. Initially, the hearing on defendant's motion to dismiss plaintiff's amended complaint was set for June 18, 2007. On June 6, 2007, the court granted the parties' joint motion to continue the hearing date to August 6, 2007. (Doc. No. 16.)

**DISCUSSION**

*Legal Standard*

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); *Navarro v. Block,* 250 F.3d 729, 731 (9th Cir.2001). A court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Haddock v. Board of Dental Examiners,* 777 F.2d 462, 464 (9th Cir.1985) (stating that a court should not dismiss a complaint if it states a claim under any legal theory, even if plaintiff erroneously relies on a different theory).

In deciding a motion to dismiss for failure to state a claim, the court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath,* 100 F.3d 1476, 1479 (9th Cir.1996). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the non-moving party.$^{FN3}$*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir.1996). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
(Cite as: 2007 WL 2385093 (S.D.Cal.))

Page 3

she] has not alleged."*Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723, (1983). Furthermore, a court is not required to credit conclusory legal allegations cast in the form of factual allegations, "unwarranted deductions of fact, or unreasonable inferences."*Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). Affirmative defenses, such as the running of the statute of limitations, may be addressed in a motion to dismiss when it is established on the face of the complaint. *Jablon v. Dean Witter,* 614 F.2d 677, 682 (9th Cir.1980) (affirming dismissal of federal securities claim because allegations of complaint established affirmative defense of statute of limitations). Dismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6)"only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."*TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999) (quoting *Jablon,* 614 F.2d at 682).

> FN3. Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.*Wheeldin v. Wheeler,* 373 U.S. 647, 648, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963) (inferring fact from allegations of complaint).

*3 The court recognizes the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Oregon,* 88 F.3d 804, 807 (9th Cir.1996).

*Analysis*

There are two preliminary matters for the court to address prior to reaching the substantive merits of defendants' motion. First, plaintiff alleges in the amended complaint that all the causes of action are brought against defendants pursuant to the § 1983.

However, § 1983 is the proper method to bring a lawsuit against a state actor for alleged **constitutional violations.***See Azul-Pacifico, Inc. v. Los Angeles,* 973 F.2d 704, 705 (9th Cir.1992); *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (commenting that § 1983 only imposes liability on state actors for federal constitutional violations, not for violations of state tort law); *McDade v. West,* 223 F.3d 1135 (9th Cir.2000) (holding that a viable § 1983 claims requires plaintiff to show a state action that resulted in the deprivation of a constitutional right or a federal statutory right). In the instant case, plaintiff has pled three causes of action, but there are four different legal bases for plaintiff's claims. Plaintiff's second claim arises out of an alleged violation of the Takings Clause of the Fifth Amendment. (AC ¶ 35.) Plaintiff's fourth claim arises out of an alleged violation of the Due Process Clauses of the Fifth and Fourteenth Amendments.[FN4](AC ¶ 53.) Section 1983 is the appropriate federal statutory provision for these two causes of action but plaintiff's remaining two claims are grounded in state law.

> FN4. Plaintiff's remaining two claims allege a violation of the California Subdivision Map Act and fraudulent concealment of a mandatory duty. (AC ¶¶ 37, 48.)

The second preliminary issue is whether the court can consider certain filings from plaintiff's previous legal proceedings that have been submitted by defendants in support of their motion.[FN5]Plaintiff references these documents in his amended complaint and has attached the first page of the documents as exhibits to the amended complaint. (Doc. No. 13, Exhibits A, B, G.) However, plaintiff argues the court cannot consider the entirety of these documents without converting defendant's motion to dismiss into a motion for summary judgment, which would require providing plaintiff an opportunity to provide additional evidence. (Opp.2-3.) Plaintiff's argument is unpersuasive."In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
**(Cite as: 2007 WL 2385093 (S.D.Cal.))**

Page 4

attached to the complaint, and matters properly subject to judicial notice."[FN6] *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007); *see also Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987) (stating that the court may consider documents attached to a complaint in deciding a Rule 12(b)(6) motion). Pursuant to Fed.R.Evid. 201, a court may take judicial notice of matters of public record such as pleadings and orders in another action.[FN7] *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir.2001); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir.1988); *Beusgens v. Galloway,* 2007 WL 1674097, at *1-3 (D.Or. June 7, 2007) (taking judicial notice of orders and decision from other courts). As such, the court will take judicial notice of the documents submitted by defendant in ruling on the motion to dismiss. *See Lee,* 250 F.3d at 689.

> FN5. Specifically, defendants provided the court with complete copies of plaintiff's state tort claim against the County, plaintiff's complaint against the County, and the California Court of Appeal's decision in plaintiff's state lawsuit.

> FN6. The court can also consider materials submitted as part of the complaint, and even if they are not physically attached to the complaint, the court may consider the documents if their authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir.1998).

> FN7. The purpose of the judicial notice rule is to "obviate the need for formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v. Woodford,* 454 F.Supp.2d 1007, 1022 (S.D.Cal.2006). Therefore, a court may not take judicial notice of facts that are "subject to reasonable dispute." Fed.R.Evid. 201(b); *see Lee,* 250 F.3d at 689-90; *Townes v. Paule,* 407 F.Supp.2d 1210, 1217 n. 5 (S.D.Cal.2005) ( "There is

a mistaken notion that taking judicial notice of court records ... means taking judicial notice of the existence of facts asserted in every document of a court file, including pleadings and affidavits. Facts in the judicial record that are subject to dispute, such as allegations ... are not the proper subjects of judicial notice even though they are in a court record.") (citation omitted).

*4 The court originally dismissed plaintiff's complaint because the allegations contained therein established that plaintiff's constitutional claims were barred by the applicable statute of limitations. (Doc. No. 10.) The court granted plaintiff leave to amend his complaint. (*Id.*) Careful review of the amended complaint reveals that plaintiff did not amend any allegations regarding defendant's underlying misconduct and, as such, plaintiff's § 1983 claims remain time-barred for the reasons discussed in the court's previous order granting defendant's first motion to dismiss.[FN8] However, in the amended complaint, plaintiff alleges he filed a state tort claim on December 27, 2001, which equitably tolled the statute of limitations. (AC ¶ 9.)

> FN8. As explained in the court's previous order, the face of plaintiff's complaint demonstrated that plaintiff's claims began to accrue at some time in 2001 and, therefore, plaintiff's § 1983 claims were barred by California's one-year statute of limitations on December 31, 2002, at the latest. *See In re George,* 322 F.3d 586, 591 (9th Cir.2003) (holding that a one year statute of limitations applied to plaintiff's § 1983 takings and due process claims).

Defendants argue in the instant motion that despite the new allegations in the amended complaint, the statute of limitations for plaintiff's 42 U.S.C. § 1983 claims cannot be equitably tolled. (Memorandum In Support of Motion ("Memo. ISO Motion") at 4.) According to defendants, the documents from plaintiff's state lawsuit demonstrate that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
(Cite as: 2007 WL 2385093 (S.D.Cal.))

Page 5

the basis for that prior litigation (i.e., defendant's alleged failure to enforce bonds) was separate and distinct from the basis of plaintiff's instant constitutional complaints (i.e., use of a fraudulent map).(*Id.* at 4-5.)

Plaintiff responds that the issue of whether the statute of limitations should be equitably tolled is a factual dispute, which is not amenable to disposition through a Rule 12(b)(6) motion to dismiss. (Opposition ("Opp.") at 4-5.) The question of whether equitable tolling applies in this case, which plaintiff argues is answered in the affirmative, requires the consideration of additional facts beyond the pleadings and, as such, the court should deny defendant's motion. (Opp. at 5-6.) Plaintiff further argues the same misconduct serves as the basis for his previous state lawsuit and his current federal lawsuit. (Opp. at 6-7.)

"Whether the statute is tolled in section 1983 cases is determined by state law not inconsistent with federal policy."*Bacon v. City of Los Angeles,* 843 F.2d 372, 374 (9th Cir.1988)."Under California law, equitable tolling 'reliev [es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.' " [FN9]*Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993) (emphasis added) (quoting *Addison v. California,* 21 Cal.3d 313, 317, 146 Cal.Rptr. 224, 578 P.2d 941 (1978)). There is a three part test to determine if equitable tolling applies when plaintiff pursues a remedy in another forum: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim. *Id.;Collier v. City of Pasadena,* 142 Cal.App.3d 917, 191 Cal.Rptr. 681 (1983). The plaintiff bears the burden of demonstrating that equitable principles should apply to relieve the statute of limitations bar.[FN10]*See United States v. Maroff,* 173 F.3d 1213, 1218 n. 3 (9th Cir.1999) ("The burden is on the plaintiff to show that equitable tolling is appropriate.").

FN9."The purpose of California's equitable tolling doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court."See *Jones v. Blanas,* 393 F.3d 918, 928 (9th Cir.2004) (quotation and citation omitted).

FN10. The primary purpose of a statute of limitations is to prevent the assertion of stale claims by plaintiffs who failed to sue until evidence is no longer available and witnesses' memories are longer fresh. *See Addison v. State,* 21 Cal.3d 313, 317, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).

*5 Plaintiff is correct in noting that generally the question of whether equitable tolling applies is fact-specific and requires consideration of matters outside the pleadings. *Cervantes,* 5 F.3d at 1275 (9th Cir.1993) (stating that complaint may be dismissed "only if the assertions of the [plaintiff's] complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."). However, dismissal may be appropriate where the allegations in the complaint establish that equitable tolling does not apply as a matter of law. *See, e.g., Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir.2006) (affirming district court's dismissal plaintiff's § 1983 claim because equitable tolling was unavailable); *Loehr v. Ventura County Community College Dist.,* 147 Cal.App.3d 1071, 1085, 195 Cal.Rptr. 576 (1983); *Mullin v. Las Lomitas,* case no. 03-5268, 2004 WL 2848021, at *6 (N.D.Cal. Apr.13, 2004). According to California law, "[i]f a plaintiff's first claim and second claim concern different wrongs ... equitable tolling is not available and the three pronged test is not applied."*Lucchessi v. Bar-O Boys Ranch,* 353 F.3d 691, 695 (9th Cir.2003). In other words, equitable tolling applies where the court determines that the basis of the plaintiff's first suit, in this case the state tort claim, is the "same wrong" as the basis for the plaintiff's second suit, the instant § 1983 claims. *Id.*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
(Cite as: 2007 WL 2385093 (S.D.Cal.))

Page 6

at 693; *see also Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir.2001). While the court will not consider "whether the two claims are based upon the same law, involve similar procedures, or seek the similar remedies" in determining whether equitable tolling applies, the two claims must, nevertheless, concern the same alleged misconduct by defendants. *Lucchessi,* 353 F.3d at 693; *Loher,* 147 Cal.App.3d at 1085, 195 Cal.Rptr. 576 (stating equitable tolling did not apply because the plaintiff's state law claims were "based on a set of facts independent" than his federal claims). "As the courts have explained for years, the equitable tolling doctrines requires that the same wrong serve as the predicate for the earlier and later proceedings to make sure defendant received proper notice." *Daviton,* 241 F.3d at 1141.

Here, examination of plaintiff's December 27, 2001 state tort claim demonstrates that plaintiff alleged that "public utilities through [plaintiff's] property were never completed even though public officials had performance bond and full authority to tender [ ] performance." (AC, Exhibit A.) As further explained in his subsequent 2002 state lawsuit, plaintiff claimed that he undertook development of his property in 1989, specifically through grading work and construction of "public improvements," under the assumption that the County accepted a bond ensuring the completion of the projects. (Ellen Pilsecker Declaration In Support of Motion ("Pilsecker, Decla. ISO Motion"), Exhibit B, ¶¶ 6-18.) According to plaintiff, the County's failure to administer and enforce the bond was a violation of California's Subdivision Map Act and the San Diego Code of Regulatory Ordinance. (AC, Exhibit A; Pilsecker Decla. ISO Motion, Exhibit B, ¶¶ 9, 12, 16, 31.) Plaintiff claimed that the County's failure to finish construction of the public utilities on his property led to decrease in the value of the land and its eventual loss to a third party. (AC, Exhibit A; Pilsecker Decla. ISO Motion, Exhibit B, ¶¶ 18-19.) In contrast, with regard to plaintiff's Takings Clause claim, plaintiff alleges the defendants violated the Constitution by creating a "fraudulent map" in 1985 that represented a pre-existing sewer line running through plaintiff's property when there was no such line. (AC ¶¶ 33, 37.) Also, defendants purportedly failed to compensate the taking of plaintiff's land when they conditioned the approval of a site preparation map on plaintiff's granting of an easement in 1986 (AC ¶¶ 37, 43.)

*6 Comparing the relevant allegations establishes that the wrong that served as the basis for plaintiff's state claims is not the same wrong that serves as the basis for plaintiff's second claim. The two incidents that plaintiff complains about are temporally and circumstantially different. Where, as here, the factual allegations of a defendant's actions in the two claims are distinct and independent, courts have held that equitable tolling is not applicable. *Arnold v. United States,* 816 F.2d 1306, 1312-13 (9th Cir.1987) (holding that equitable tolling did not apply where the plaintiff's prior administrative action was based on employment discrimination while later civil action was based on harassment by a supervisor); *Aerojet,* 177 Cal.App.3d at 956-57, 223 Cal.Rptr. 249 (holding that equitable tolling did not save claim from statute of limitations because it was not a situation "where plaintiff sought to recover in the civil proceeding ... on the same circumstances that prompted the [previous] claim"); *Loehr,* 147 Cal.App.3d at 1085, 195 Cal.Rptr. 576; *Mullin,* 2004 WL 2848021, at *6-7 (dismissing action where "the only claims ... to which equitable tolling could apply, are those based on conduct, i.e., wrongs, not at issue in the prior action."). In sum, the allegations for plaintiff's Takings Clause cause of action taken together with the allegations from plaintiff's state tort claim and lawsuit do not establish the "potential applicability of the equitable tolling doctrine." *Cervantes,* 5 F.3d at 1277; *see Arnold,* 816 F.2d 1306, 1312 (9th Cir.1987) ("[E]quitable tolling does not apply when a plaintiff has pursued a remedy as to only one of several distinct wrongs.").

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
**(Cite as: 2007 WL 2385093 (S.D.Cal.))**

Page 7

the plaintiff cannot state a claim and any amendment would be futile. *See*Fed.R.Civ.P. 15(a) (stating that leave to amend "shall be freely given when justice so requires"); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986) ("leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"). Here, amendment would be futile because plaintiff cannot amend his complaint to establish that his previous state claims would equitably toll the statute of limitations for the second claim in the instant action. As such, plaintiff's Takings Clause cause of action is dismissed with prejudice. [FN11]

> FN11. Plaintiff suggests his complaint should not be dismissed because it raises the issue of fraudulent concealment. This argument is without merit. As discussed in the court's previous order, a defendant may be equitably estopped from asserting a statute of limitations defense where there is affirmative conduct beyond the underlying misconduct that prevented a plaintiff from filing the lawsuit in a timely manner. *See, e.g., Stutz Motor Car of America, Inc. v. Reebok International, Ltd.,* 909 F.Supp. 1353, 1363 (C.D.Cal.1995). While plaintiff's complaint alleges defendants concealed their "mandatory duty," there are no allegations that defendants fraudulently concealed the existence of a viable legal claim. As such, the doctrine of equitable estoppel is inapplicable in the instant case.

However, defendants' argument that plaintiff's Due Process claim must also be dismissed is unpersuasive. Plaintiff's fourth cause of action does not reference or depend on allegations about defendant's purported creation of a fraudulent map. While defendants point to specific allegations in plaintiff's Takings Clause claim regarding the fraudulent map, defendants do not indicate how plaintiff's Due Process claim, on its face, is based on a distinct and independent wrong than plaintiff's state law claims. In fact, plaintiff claims that defendants violated his due process rights by failing to compel completion of the "public improvements" as required by California law and the Constitution, which is similar to his allegations in his initial state tort claim. (AC ¶ 53.) Based on plaintiff's allegations, the court cannot find as a matter of law that plaintiff could never meet the three requirements of California's equitable tolling jurisprudence for his fourth claim. In the end, plaintiff may not be able to prove that he acted reasonably in filing his second claim or that defendants had timely notice and did not suffer prejudice, but he is entitled to provide evidence to that effect. *See Daviton,* 241, F.3d at 1141-42 ("Plaintiffs are entitled ... [to] offer evidence supporting application of the tolling doctrine. Only then will the district court be in a position to engage in the practical fact-specific and evidence-bound inquiry required under California law."). Accordingly, the court declines at this point in the proceedings to dismiss plaintiff's Due Process claim. Lastly, because the court has not dismissed all of plaintiff's federal causes of action, there is no justification for declining supplemental jurisdiction over plaintiff's remaining state law claims, as defendants suggest. *See*28 U.S.C. § 1367(c)

### CONCLUSION

*7 For the foregoing reasons, the court hereby **GRANTS** defendants' motion to dismiss plaintiff's Takings Clause claim and **DENIES** defendants' motion to dismiss plaintiff's Due Process claim. Defendants shall file an answer to plaintiff's no complaint **no later than 14 days from the date this order is filed.**

**IT IS SO ORDERED.**

S.D.Cal.,2007.
Shaw v. County of San Diego
Slip Copy, 2007 WL 2385093 (S.D.Cal.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 9 of 9

Slip Copy
Slip Copy, 2007 WL 2385093 (S.D.Cal.)
**(Cite as: 2007 WL 2385093 (S.D.Cal.))**

Page 8

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.