Mitchell A. Driskill (SBN 157046)
Steven M. Walker (SBN 110098)
WALKER & DRISKILL, PLC
300 South Imperial Avenue, Ste. 9
El Centro, California 92243
Telephone: (760) 352-4001
Facsimile: (760) 352-5561

Attorneys for Defendant, JAMES RAY MORRIS

FILED
2008 JUL -3 PM 3:37
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

BY FAX

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA FERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> JAMES RAY MORRIS, HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, IMPERIAL COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. 08cv0601 JLS JMA <br><br> DEFENDANT JAMES RAY MORRIS' ANSWER TO COMPLAINT |

COMES NOW Defendant JAMES RAY MORRIS (hereinafter "Answering Defendant") in answer to the Complaint of ADRIANA FERNANDEZ (hereinafter "Plaintiff") and no others, and admits, denies and alleges as follows:

1.  Answering Paragraph 1 of the Complaint, Answering Defendant admits that Title 42 U.S.C. Section 1983 provides a civil remedy for the violation of a person's constitutional or statutory rights. With the exception of the facts expressly admitted above, Answering Defendant denies each and every remaining allegation in paragraph 1 of the complaint.

2.  Answering paragraph 2 of the complaint, Answering Defendant admits he was employed as a deputy sheriff assigned by the Imperial County Sheriff's Department to work as a guard at the Imperial County jail. With the exception of the facts expressly

admitted above, Answering Defendant denies each and every remaining allegation in paragraph 2 of the complaint.

3. Answering paragraph 3 of the complaint, Answering Defendant admits he had consensual sexual relations with two other females incarcerated at Imperial County jail. With the exception of the facts expressly admitted above, Answering Defendant denies each and every remaining allegation in paragraph 3 of the complaint.

4. Answering paragraph 4 of the complaint, Answering Defendant denies each and every allegation contained therein.

5. Answering paragraph 5 of the complaint, the allegations of this paragraph are jurisdictional, and assuming that subject matter jurisdiction exists over this action, Answering Defendant admits that the Southern District of California would be the proper venue.

6. Answering paragraph 6 of the complaint, Answering Defendant has no information or belief sufficient to enable him to answer the allegations contained in Paragraph 6 of the Complaint and, based upon said lack of information and belief, denies each and every allegation contained therein.

7. Answering paragraph 7 of the complaint, Answering Defendant admits each and every allegation contained therein.

8. Answering paragraph 8 of the complaint, Answering Defendant admits that Harold Carter was at times a duly elected Sheriff of Imperial County. With the exception of the facts expressly admitted above, Answering Defendant denies each and every remaining allegation in paragraph 8 of the complaint.

9. Answering paragraph 9 of the complaint, Answering Defendant admits that Ray Loera was at times a duly elected Sheriff of Imperial County. With the exception of the facts expressly admitted above, Answering Defendant denies each and every remaining allegation in paragraph 9 of the complaint.

10. Answering paragraph 10 of the complaint, Answering Defendant admits that he was a law enforcement officer employed by Imperial County Sheriff's Department and

1  Imperial County. With the exception of the facts expressly admitted above, Answering
2  Defendant denies each and every remaining allegation in paragraph 10 of the complaint.
3        11.    Answering paragraph 11 of the complaint, Answering Defendant has no
4  information or belief sufficient to enable him to answer the allegations contained in
5  Paragraph 11 of the Complaint and, based upon said lack of information and belief, denies
6  each and every allegation contained therein.
7        12.    Answering paragraph 12 of the complaint, Answering Defendant denies each
8  and every allegation contained therein.
9        13.    Answering paragraph 13 of the complaint, Answering Defendant admits each
10 and every allegation contained therein.
11       14.    Answering paragraph 14 of the complaint, Answering Defendant admits that
12 he was one of the correctional officers with whom Plaintiff came into contact with during
13 her stay at the Imperial County jail. With the exception of the facts expressly admitted
14 above, Answering Defendant denies each and every remaining allegation in paragraph 10
15 of the complaint.
16       15.    Answering paragraph 15 of the complaint, Answering Defendant denies each
17 and every allegation contained therein.
18       16.    Answering paragraph 16 of the complaint, Answering Defendant denies each
19 and every allegation contained therein.
20       17.    Answering paragraph 17 of the complaint, Answering Defendant admits each
21 and every allegation contained therein.
22       18.    Answering paragraph 18 of the complaint, Answering Defendant denies each
23 and every allegation contained therein.
24       19.    Answering paragraph 19 of the complaint, Answering Defendant denies each
25 and every allegation contained therein.
26       20.    Answering paragraph 20 of the complaint, Answering Defendant has no
27 information or belief sufficient to enable him to answer the allegations contained in
28 Paragraph 20 of the Complaint and, based upon said lack of information and belief, denies

1 each and every allegation contained therein.

2  21.  Answering paragraph 21 of the complaint, Answering Defendant has no
3 information or belief sufficient to enable him to answer the allegations contained in
4 Paragraph 21 of the Complaint and, based upon said lack of information and belief, denies
5 each and every allegation contained therein.

6  22.  Answering paragraph 22 of the complaint, Answering Defendant has no
7 information or belief sufficient to enable him to answer the allegations contained in
8 Paragraph 22 of the Complaint and, based upon said lack of information and belief, denies
9 each and every allegation contained therein.

10  23.  Answering paragraph 23 of the complaint, Answering Defendant has no
11 information or belief sufficient to enable him to answer the allegations contained in
12 Paragraph 23 of the Complaint and, based upon said lack of information and belief, denies
13 each and every allegation contained therein.

14

**FIRST CAUSE OF ACTION**

16  24.  Answering paragraph 24 of the complaint, Answering Defendant reasserts
17 and realleges his responses to paragraphs 1 to 23 of Plaintiff's complaint.

18  25.  Answering paragraph 25 of the complaint, Answering Defendant denies each
19 and every allegation contained therein.

20  26.  Answering paragraph 26 of the complaint, Answering Defendant denies each
21 and every allegation contained therein.

22  27.  Answering paragraph 27 of the complaint, Answering Defendant denies each
23 and every allegation contained therein.

24  28.  Answering paragraph 28 of the complaint, Answering Defendant denies each
25 and every allegation contained therein.

26  29.  Answering paragraph 29 of the complaint, Answering Defendant denies each
27 and every allegation contained therein.

28  30.  Answering paragraph 30 of the complaint, Answering Defendant denies each

1 | and every allegation contained therein.

2 | 31. Answering paragraph 31 of the complaint, Answering Defendant denies each
3 | and every allegation contained therein.

4 | 32. Answering paragraph 32 of the complaint, Answering Defendant denies each
5 | and every allegation contained therein.

6 | 33. Answering paragraph 33 of the complaint, Answering Defendant denies each
7 | and every allegation contained therein.

8 | 34. Answering paragraph 34 of the complaint, Answering Defendant denies each
9 | and every allegation contained therein.

10 | 35. Answering paragraph 35 of the complaint, Answering Defendant denies each
11 | and every allegation contained therein.

12 | 36. Answering paragraph 36 of the complaint, Answering Defendant denies each
13 | and every allegation contained therein.

## SECOND CAUSE OF ACTION

15 | 37. Answering paragraph 37 of the complaint, Answering Defendant reasserts
16 | and realleges his responses to paragraphs 1 to 36 of Plaintiff's complaint.

17 | 38. Answering paragraph 38 of the complaint, Answering Defendant denies each
18 | and every allegation contained therein.

19 | 39. Answering paragraph 39 of the complaint, Answering Defendant denies each
20 | and every allegation contained therein.

21 | 40. Answering paragraph 40 of the complaint, Answering Defendant denies each
22 | and every allegation contained therein.

23 | 41. Answering paragraph 41 of the complaint, Answering Defendant denies each
24 | and every allegation contained therein.

## THIRD CAUSE OF ACTION

26 | 42. Answering paragraph 42 of the complaint, Answering Defendant reasserts
27 | and realleges his responses to paragraphs 1 to 41 of Plaintiff's complaint.

28 | 43. Answering paragraph 43 of the complaint, Answering Defendant denies each

1 | and every allegation contained therein.

2 | 44. Answering paragraph 44 of the complaint, Answering Defendant denies each
3 | and every allegation contained therein.

### FOURTH CAUSE OF ACTION

5 | 45. Answering paragraph 45 of the complaint, Answering Defendant reasserts
6 | and realleges his responses to paragraphs 1 to 44 of Plaintiff's complaint.

7 | 46. Answering paragraph 46 of the complaint, Answering Defendant denies each
8 | and every allegation contained therein.

9 | 47. Answering paragraph 47 of the complaint, Answering Defendant denies each
10 | and every allegation contained therein.

11 | 48. Answering paragraph 48 of the complaint, Answering Defendant denies each
12 | and every allegation contained therein.

### FIFTH CAUSE OF ACTION

14 | 49. Answering paragraph 49 of the complaint, Answering Defendant reasserts
15 | and realleges his responses to paragraphs 1 to 48 of Plaintiff's complaint.

16 | 50. Answering paragraph 50 of the complaint, Answering Defendant denies each
17 | and every allegation contained therein.

18 | 51. Answering paragraph 51 of the complaint, Answering Defendant denies each
19 | and every allegation contained therein.

### SIXTH CAUSE OF ACTION

21 | 52. Answering paragraph 52 of the complaint, Answering Defendant reasserts
22 | and realleges his responses to paragraphs 1 to 51 of Plaintiff's complaint.

23 | 53. Answering paragraph 53 of the complaint, Answering Defendant denies each
24 | and every allegation contained therein.

25 | 54. Answering paragraph 54 of the complaint, Answering Defendant denies each
26 | and every allegation contained therein.

27 | 55. Answering paragraph 55 of the complaint, Answering Defendant denies each
28 | and every allegation contained therein.

56. Answering paragraph 56 of the complaint, Answering Defendant denies each and every allegation contained therein.

### SEVENTH CAUSE OF ACTION

57. Answering paragraph 57 of the complaint, Answering Defendant reasserts and realleges his responses to paragraphs 1 to 56 of Plaintiff's complaint.

58. Answering paragraph 58 of the complaint, Answering Defendant denies each and every allegation contained therein.

59. Answering paragraph 59 of the complaint, Answering Defendant denies each and every allegation contained therein.

### EIGHTH CAUSE OF ACTION

60. Answering paragraph 60 of the complaint, Answering Defendant reasserts and realleges his responses to paragraphs 1 to 59 of Plaintiff's complaint.

61. Answering paragraph 61 of the complaint, Answering Defendant admits the Unruh Civil Rights Act prohibits discrimination by all business establishments in California. With the exception of the facts expressly admitted above, Answering Defendant denies each and every remaining allegation in paragraph 10 of the complaint.

62. Answering paragraph 62 of the complaint, Answering Defendant denies each and every allegation contained therein.

63. Answering paragraph 63 of the complaint, Answering Defendant denies each and every allegation contained therein.

64. Answering paragraph 64 of the complaint, Answering Defendant denies each and every allegation contained therein.

**First Affirmative Defense**

For a first, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Answering Defendant.

### Second Affirmative Defense

For a second, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, without admitting the truth of any allegation of the Complaint, and specifically denying the same, that if Plaintiff suffered or sustained any damages, that damage was proximately caused and contributed to by persons other than Answering Defendant, and liability of all responsible parties, named or unnamed, should be apportioned according to the relative degrees of fault and the liability answering Defendant should be reduced accordingly.

### Third Affirmative Defense

For a third, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, without admitting the truth of any allegation of the Complaint, and specifically denying the same, that as to each alleged cause of action, Plaintiff failed to take reasonable steps to mitigate, alter, reduce or otherwise diminish Plaintiffs' alleged damages, if any.

### Fourth Affirmative Defense

For a fourth, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, without admitting the truth of any allegation of the Complaint, and specifically denying the same, that Plaintiff, having been the sole or major contributing factor to the alleged losses based upon her own fault or misconduct, her unlawful, careless, negligent, and/or other wrongful conduct, is guilty of unclean hands and being *in pari delicto* and is thus barred from seeking relief against Answering Defendant by the equitable Doctrine of Unclean Hands.

### Fifth Affirmative Defense

For a fifth, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint and each purported cause of action contained therein, was brought without reasonable care and without a good faith belief that there was a justiciable controversy under the facts and law at the filing of said Complaint against Answering Defendant; now Plaintiff is, therefore, responsible for all

necessary and reasonable defense costs including attorneys fees, incurred by Answering Defendant.

### Sixth Affirmative Defense

For a sixth, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint and each purported cause of action contained therein, is barred by applicable statutes of limitation.

### Seventh Affirmative Defense

For an seventh, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint herein is barred by the Doctrine of Laches.

### Eighth Affirmative Defense

For an eighth, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint herein is barred due to Plaintiff's failure to exhaust her administrative remedies.

### Ninth Affirmative Defense

For an ninth, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint herein is barred by Plaintiff's failure to comply with the California Tort Claims Act.

### Tenth Affirmative Defense

For an tenth, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint herein is barred by California Civil Code §§ 52.1, 52.3, among others.

### Eleventh Affirmative Defense

For an eleventh, separate affirmative defense, Answering Defendant is informed and believes, and based thereon alleges, that the Complaint herein is barred by immunities provided for in the California Government Code, including but not limited to Government Code §§ 820 et seq., and 844 et seq., among others.

### Twelfth Affirmative Defense

Answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether he has additional, as yet unstated, affirmative defenses. Answering Defendant reserves the right to assert additional affirmative defenses in the event Answering Defendant discover the same.

**WHEREFORE**, Answering Defendant prays for judgment herein as follows:

1. That Plaintiff take nothing by way of her Complaint;
2. That Answering Defendant be awarded reasonable attorneys' fees, costs of suit and costs of investigation;
3. That Answering Defendant be dismissed; and
4. For such other and further relief as the Court deems just and proper.

DATED: July 3, 2008

WALKER & DRISKILL, PLC

By: _____
MITCHELL A. DRISKILL
STEVEN M. WALKER
Attorneys for Defendant,
James Ray Morris

10    Case No. 08cv0601 JLS JMA
DEFENDANT MORRIS' ANSWER TO COMPLAINT