1    J. Scott Tiedemann, Bar No. 180456
     stiedemann@lcwlegal.com
2    Judith S. Islas, Bar No. 117076
     jislas@lcwlegal.com
3    Jesse J. Maddox, Bar No. 219091
     jmaddox@lcwlegal.com
4    LIEBERT CASSIDY WHITMORE
     A Professional Law Corporation
5    5701 N. West Avenue
     Fresno, CA  93711
6
     Telephone:    (559) 256-7800
7    Facsimile:    (559) 449-4535
     E-mail:       jmaddox@lcwlegal.com
8
     Attorneys for Defendants
9    HAROLD CARTER, RAYMOND LOERA,
     COUNTY OF IMPERIAL, AND IMPERIAL
10   COUNTY SHERIFF'S DEPARTMENT

11                    UNITED STATES DISTRICT COURT

12                  SOUTHERN DISTRICT OF CALIFORNIA

13

14

15   ADRIANA FERNANDEZ,                    Case No.  3:08-cv-00601-H-JMA

16          Plaintiff,                     **DEFENDANTS HAROLD CARTER,
                                           RAYMOND LOERA, COUNTY OF
                                           IMPERIAL, AND IMPERIAL COUNTY**
17     v.                                  **SHERIFF'S DEPARTMENT'S REPLY TO
                                           PLAINTIFF'S OPPOSITION TO MOTION**
18   JAMES RAY MORRIS, HAROLD              **TO DISMISS**
     CARTER, RAYMOND LOERA,
19   COUNTY OF IMPERIAL, IMPERIAL
     COUNTY SHERIFF'S DEPARTMENT,
20   and DOES 1-100, inclusive,           Date:       July 14, 2008
                                          Time:       10:30 a.m.
21          Defendants.                   Judge:      Hon. Marilyn L. Huff
                                          Courtroom:  13
22          Defendants Harold Carter, Raymond Loera, County of Imperial ("County"), and the

23   Imperial County Sheriff's Department ("ICSD") (hereinafter collectively "County Defendants")

24   request that this Court issue an order dismissing Plaintiff's Complaint pursuant to Rule 12(b) and

25   12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for failure to exhaust her

26   administrative remedies and failure to state a claim upon which relief may be granted.  The

27   County Defendants submit this Reply to Plaintiff's June 30, 2008 Opposition ("Opposition").

28          Plaintiff's disjointed, convoluted Opposition misconstrues the County Defendants'

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA  93711

1  arguments and attempts to confuse the Court into believing that Plaintiff complied with pre-filing

2  exhaustion requirements and stated claims upon which relief can be granted.  In doing so,

3  Plaintiff attempts to augment her Complaint with new allegations, asks the Court to ignore

4  binding and persuasive precedent, and misinterprets the law.

5  **I.    PLAINTIFF CONCEDES DISMISSAL OF SEVERAL CLAIMS**

6          Plaintiff's Opposition concedes that Government Code section 844.6 protects the County

7  and ICSD from liability for Plaintiff's state law claims.  (Opposition, 14:14-18.)  As the County

8  Defendants discussed in their Motion to Dismiss (and Plaintiff has not opposed), suits against

9  Defendants Carter and Loera in their official capacities are essentially suits against the County.

10  Thus, Plaintiff concedes that all state law claims against the County are properly dismissed.

11         Plaintiff also agrees to dismissal of her false imprisonment claim against all Defendants.

12  (Opp., 18:8-10.)  Consequently, the only remaining claims against the County Defendants for

13  which Plaintiff has not conceded dismissal are:

14         1.      The 42 U.S.C. § 1983 claim against all County Defendants; and

15         2.      All state law claims alleged in the Complaint, except for false imprisonment,

16  against Defendants Carter and Loera in their individual capacities.

17  **II.   THE PLRA APPLIES AND PLAINTIFF HAS NOT EXHAUSTED HER**
    **ADMINISTRATIVE REMEDIES**
18
        **A.      Plaintiff Was A Prisoner When She Filed Her Complaint And Is Thus Subject**
19              **To The PLRA**

20         Plaintiff's Opposition admits that she is "currently in drug treatment as a condition of her

21  supervised release." (Opp., p. 3, fn. 3.)  Thus, Plaintiff's argument that she is not a "prisoner" for

22  purposes of the Prison Litigation Reform Act ("PLRA") is contrary to case law and the plain

23  language of the PLRA.

24         The PLRA defines "prisoner" as "any person incarcerated or detained in <u>any facility</u> who

25  is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal

26  law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

27  42 U.S.C. § 1997e(h); (emphasis added).  The "facilities" within the scope of the PLRA include

28  "<u>any</u> jail, prison, <u>or other correctional facility</u>. 42 U.S.C. § 1997(e)(a) (emphasis added).  By

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N West Avenue
Fresno, CA 93711

1   including the word "any" in these provisions, Congress intended them to be interpreted broadly.

2   *Witzke v. Femal*, 376 F.3d 744, 753 (7th Cir. 2004) (citing *U.S. v. Gonzales*, 520 U.S. 1, 5, (1997)

3   (by preceding a phrase with "any" Congress intends the phrase to be interpreted broadly)).

4          Plaintiff's argument here that she is not a "prisoner" under the PLRA is similar to those

5   rejected in *Witzke, supra*, 376 F.3d 744 and *Ruggiero v. County of Orange*, 467 F.3d 170 (2d. Cir.

6   2006). In both cases, the Courts interpreted the PLRA provisions above to include drug treatment

7   centers and halfway houses. In *Ruggiero*, the plaintiff alleged that corrections officers used

8   excessive force on multiple occasions during his incarceration in jail. He did not file a grievance,

9   but filed a §1983 suit while he was confined at the drug treatment halfway house. The plaintiff in

10  that case, like Plaintiff here, argued that the PLRA did not apply because, when he filed his suit,

11  he was not a "prisoner" in "any jail, prison, or other correctional facility." The Court rejected his

12  argument, concluding that, in enacting the PLRA, "Congress placed a constraint on suits filed by

13  all litigants who could be characterized as prisoners, regardless of the type of facility in which

14  they are imprisoned." 467 F.3d 170, 175. "[The PLRA] includes within its ambit all facilities in

15  which prisoners are held involuntarily as a result of violating the criminal law." *Id.*

16         *Witzke* consisted of similar facts. The plaintiff filed a § 1983 suit while living in a

17  halfway house for drug treatment. 376 F.3d 744, 753. The Court concluded that the PLRA

18  applied, explaining, "Congress did not specify a narrow list of institutions, but rather employed

19  multiple generic terms to describe the institutions covered." *Id.* 753. "Restricting the PLRA's

20  application to persons confined in jail or prison would render the term "other correctional

21  facility" superfluous. An intensive drug rehabilitation halfway house certainly is the type of

22  reformatory or 'other correctional facility' that was intended by that term." *Id.*

23         In this case, Plaintiff's release from the Bureau of Prisons' custody does not make her an

24  "ex-prisoner," as she alleges. Following her release from the Bureau of Prisons, she was (and still

25  is) involuntarily detained in a drug treatment facility because of her criminal drug conviction.

26  Plaintiff's Opposition admits that her detention is "a condition of her supervised release." (See

27  Opposition, p. 3, fn. 3 ("She is currently in drug treatment as a condition of her supervised release

28  so Counsel has limited access to Ms. Fernandez") (emphasis added).) Thus, had she left the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

1   treatment center, she would have been incarcerated in a regular prison. *See Ruggiero*, 467 F.3d at

2   175. Further establishing the involuntariness of her detention is the fact that her attorney could

3   not even access her to have her sign a declaration in support of the Opposition. *Id*. Thus,

4   Plaintiff was a prisoner at the time she filed her Complaint and the PLRA bars her federal claim.

5   Plaintiff's reliance on *Page v. Torrey*, 201 F.3d 1136 is misplaced. *Page* is factually

6   distinguishable from the case at bar because, unlike Plaintiff who is at the drug treatment center

7   as a condition of her release, the plaintiff in *Page* was civilly committed pursuant to California's

8   Sexually Violent Predators Act after he completed his prison term. *Id*. at 1137. By its plain

9   language, the PLRA does not apply to individuals who are civilly committed.

10   **B.     A Motion To Dismiss Is Procedurally Appropriate**

11   Plaintiff argues that, even if she is subject to the PLRA, a motion to dismiss is not the

12   appropriate procedural mechanism for disposing of her § 1983 claim. She claims that *Wyatt v.*

13   *Terhune*, 315 F.3d 1108 (9th Cir. 2003), the case the County Defendants cited in their Motion to

14   Dismiss as authority for an unenumerated Rule 12 motion to dismiss for failure to exhaust, has

15   been impliedly overruled by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007). Plaintiff's

16   argument is unfounded.

17   *Jones* did not overrule *Wyatt* or hold that a defendant could not bring a motion to dismiss

18   for failure to exhaust. The Court held that "failure to exhaust is an affirmative defense under the

19   PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their

20   complaints." 127 S.Ct. at 921. This holding is entirely consistent with the Ninth Circuit's

21   decision in *Wyatt*, which states that, "nonexhaustion under § 1997e(a) of the PLRA does not

22   impose a pleading requirement," but "creates a defense-defendants have the burden of raising and

23   proving." 315 F.3d at 1119. *Jones* did not address the procedure established by *Wyatt*, which has

24   been used in a multitude of cases since *Jones*, including at least one by the Ninth Circuit (*See*

25   *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056) and several in the Southern District

26   (*See, e.g.*, *Perez v. Lopez*, 2008 WL 724087 (S.D.Cal. Mar. 17, 2008) and *Martin v. Garza*, 2007

27   WL 2288127 (S.D.Cal. Aug. 7, 2007)).

28   Even assuming *arguendo* that there were not an overwhelming number of cases that refute

1   Plaintiff's contention, the single, unpublished, out-of-District case Plaintiff cites (*Bryant v.*

2   *Sacramento County Jail*, 2008 U.S. Dist. LEXIS 10273 (E.D.Cal. February 12, 2008)) did not

3   refuse to consider the defendant's motion to dismiss. Rather, it chose to treat the motion as a

4   motion for summary judgment. Thus, the case Plaintiff cites does not support her contention that

5   the Court should refuse to consider the County Defendants' failure to exhaust argument.

6   **C.      Plaintiff's Opposition Proves That She Did Not Exhaust Her Administrative**
        **Remedies**
7

8           Plaintiff's Opposition states that she did not submit an inmate grievance because to do so

9   would have been futile and dangerous, and she was told they were unavailable. (Opp., 2:17-3:4.)

    The fact that Plaintiff has provided reasons for not filing a grievance, establishes that she never in
10
    fact filed a grievance. If she never filed a grievance, she never exhausted her remedies as
11
    required by the PLRA and state law.
12
    **D.      Plaintiff's Excuses For Not Filing A Grievance Do Not Excuse Her Failure To**
13           **Exhaust**

14          Plaintiff's excuse that it would have been futile and dangerous to submit a grievance

15  because Defendant Morris controlled her time in administrative segregation is insufficient for

16  several reasons. First, her Opposition admits that she was not placed into administrative

17  segregation until <u>after</u> Morris began coercing her into sex. (Opp. 2:17-21.) Thus, she could have

18  submitted a grievance before being segregated. Second, Plaintiff's excuse suggests that Morris

19  was the only officer on duty – 24 hours a day, seven days a week – during her segregation. That

20  is an implausible assertion. There were undoubtedly other officers she could have complained to,

21  or requested a grievance from, when Morris was not on duty.

22          Third, Plaintiff failed to report the alleged abuse to, or ask for a grievance form from,

23  Sheriff Loera during her interview with him, which occurred after she transferred from the

24  Imperial County Jail ("ICJ"). (*See* Zugman's Decl., ¶ 4.) Fourth, if Plaintiff's proposed futility

25  argument was actually an exception to the PLRA (for which Plaintiff provides no authority), the

26  exception would swallow the rule. Every inmate could then avoid complying with the PLRA by

27  claiming he or she feared retribution.

28          Plaintiff's second excuse is equally insufficient. If someone in fact told her or her

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N West Avenue
Fresno, CA 93711

1  attorney that forms were unavailable, she/he could have submitted a written claim or complained

2  verbally to the ICJ. Plaintiff had a perfect opportunity during her interview with Sheriff Loera,

3  but chose not to complain.

4  **III.    PLAINTIFF HAS NOT OPPOSED DISMISSAL FOR HER FAILURE TO
         COMPLY WITH CALIFORNIA'S EXHAUSTION REQUIREMENT**

5
        Plaintiff has not opposed dismissal on the basis that she failed to comply with California's

6  state exhaustion requirements. (*See* Defendants' Motion to Dismiss, 7:3-5.) Thus, Plaintiff's

7
   state law claims should be dismissed based on her failure to exhaust her ICJ remedies.

8
   **IV.    THE COUNTY DEFENDANTS CANNOT BE VICARIOUSLY LIABLE FOR THE
         ALLEGED CONSTITUTIONAL VIOLATION**

9

10         The immunities arguments in Plaintiff's Opposition (commencing on p. 8) mix legally

11  distinct concepts:  municipal and supervisory liability, and qualified immunity.  Thus, it is

12  difficult to respond.  The County Defendants address these concepts separately below.

13         **A.    The County Cannot Be Liable Because No Policy Or Custom Existed**

14         The law prohibits the County from being vicariously liable for Morris' alleged

15  misconduct. *See Monell v. Dept. Soc. Servs.*, 436 U.S. 658, 691 (1978).  Plaintiff's Complaint

16  and Opposition seek to circumvent that prohibition by alleging a vague, fictitious policy.  Her

17  failure to identify a specific custom or policy is fatal to her claim

18         To impose liability on the County, the act causing the alleged Constitutional violation

19  must result from an official policy or custom. *Monell*, 436 U.S. at 694.  Plaintiff must allege

20  more than a nebulous policy (*City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985)) because bald

21  allegations of a policy or custom are insufficient (*Polk County v. Dodson*, 454 U.S. 312, 326

22  (1981)).  Even had Plaintiff alleged a specific policy, the County may be held liable only where

23  the policy is the <u>moving force</u> behind the constitutional violation. *City of Canton v. Harris*, 489

24  U.S. 378, 389 (1989).

25         Plaintiff's Complaint and Opposition repeatedly make the conclusory allegation that there

26  was a "de facto policy or custom" that approved of Morris' alleged misconduct.[1]  This allegation

27  is the exact type of nebulous and bald allegation the law prohibits.  It is preposterous to suggest

28  _____
   [1] Opposition, 7:21-8:6; 9:1-3; 10:27-11:9.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N West Avenue
Fresno, CA 93711

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N West Avenue
Fresno, CA 93711

1    that the County had a policy encouraging its guards to violate the law and have sex with inmates.

2         Plaintiff's comparisons of this case to *Redman v. County of San Diego*, 942 F.2d 1435, are

3    delusive.  In *Redman*, the plaintiff specifically alleged in his amended complaint that the County

4    had a custom of allowing overcrowding and placing prisoners in improper detention areas to

5    accommodate overcrowding.  *Id.* at 1447.  The Court found that placement of the plaintiff in a

6    cell with an "aggressive homosexual" to accommodate the overcrowding custom was the <u>moving</u>

7    <u>force</u> behind the plaintiff's rape.  *Id.*

8         Conversely, here, Plaintiff has not alleged a specific policy or custom.  She has attempted

9    to improperly augment her Complaint via her Opposition by now alleging that several guards

10   sexually abused several inmates, but still cannot identify a specific policy or custom that

11   encouraged such unlawful behavior.  Without identification of a specific policy, the Court cannot

12   even reach the next step of the analysis, i.e., whether the policy was a moving force in Morris'

13   alleged misconduct.

14        Using Plaintiff's reasoning, any plaintiff claiming to be injured by a public employee's

15   misconduct could impose liability on an agency simply by vaguely alleging that a nebulous policy

16   existed that encouraged misconduct.  Such a low threshold would negate the Supreme Court's

17   prohibition of vicarious liability.

18   **B.    Carter And Loera Cannot Be Individually Liable As Supervisors**

19        Sheriffs Carter and Loera, as Morris' alleged supervisors, may be liable if (1) they were

20   personally involved in Morris' alleged misconduct; or (2) there is a causal connection between

21   their wrongful conduct and the constitutional violation.  *Redman*, *supra*, 942 F.2d at 1446.

22   Plaintiff's Opposition does not allege that they were personally involved, but claims they were

23   deliberately indifferent to Plaintiff's rights through their lack of supervision, training and

24   response.  As detailed in the Motion to Dismiss, Plaintiff's allegations are conclusory and fail to

25   establish that any alleged wrongful act(s) by the Sheriffs were the "moving force" behind Morris'

26   personal sexual pursuits.

27        Plaintiff's heavy reliance on *Redman* is misplaced.  As Plaintiff recognizes, the Court in

28   *Redman* determined that the Sheriff knew or should have known of the overcrowding custom and

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

1  his failure to remedy the situation indicated his acquiescence and deliberate indifference. As

2  explained above, the plaintiff's complaint in *Redman* specifically alleged a custom of

3  overcrowding. His complaint also alleged that overcrowding was the "moving force" behind the

4  constitutional violation because, had the Sheriff not acquiesced in the overcrowding, the rape

5  would not have occurred.

6      Here, Plaintiff has failed to allege an identifiable policy or a causal connection between

7  any alleged wrongful act(s) by the Sheriffs and the alleged Constitutional violation.

8      **C.     Carter And Loera Are Entitled To Qualified Immunity**

9      With the exception of the first paragraph, the portion of Plaintiff's Opposition against

10  qualified immunity does not address qualified immunity at all; rather it addresses the Sheriffs'

11  individual liability. (See Opp., 7:4-11:9.) For the reasons stated in the Motion to Dismiss,

12  Sheriffs Carter and Loera are entitled to qualified immunity.

13  **V.     PLAINTIFF'S ALLEGED TORT CLAIMS WERE UNTIMELY AND
         INSUFFICIENT**

14

15      Plaintiff attempts to cure her untimeliness by now alleging that her attorney initially

16  submitted a tort claim to the County's "Claim board" on September 4, 2007. (*See* Zugman Decl.,

17  ¶ 9.) If Mr. Zugman did submit a claim to the nonexistent "Claim board," it is no wonder why

18  Plaintiff did not receive a response. The mailing instructions are very clearly printed on the claim

19  form that Plaintiff allegedly used.[2]

20      Furthermore, if she actually submitted a claim and did not receive a response, her claim

21  would have been denied by operation of law and there would have been no reason to improperly

22  file a second late claim with the ICSD and then apply to the County for leave to file a late claim

23  three days before filing her lawsuit. Her assertions that she substantially complied with the Tort

24  Claims Act and the County waived its objections to insufficiencies are unjustified because she

25  never completed the most critical step, i.e., filing a timely claim.

26      Aside from Plaintiff's failure to timely submit a tort claim[3], Plaintiff's claim(s) does not

27  _____
   [2] Plaintiff's alleged initial claim is attached to the Declaration of J. Cisneros, which was filed with
   the Motion to Dismiss.

28  [3] The Motion to Dismiss thoroughly addresses this issue.

1    comply with Government Code section 910(e). Section 910(e) requires a claimant to identify the

2    public employee(s) responsible for the alleged injuries. Despite allegedly submitting three

3    different claims (the last less than three days before she filed the Complaint), Plaintiff never once

4    named Defendants Carter and Loera as employees being responsible for her injuries. Plaintiff

5    now attempts to circumvent the plain language of section 910 by relying on inapplicable case law.

6         Plaintiff cites *Scruggs v. Haynes*, 252 Cal.App.2d 256 (1967), a 41 year old decision that

7    does not support her case. In *Scruggs*, the plaintiff timely submitted a claim to the city, naming

8    both of the officers she claimed were responsible for her injuries. Here, Plaintiff never named

9    Carter or Loera as being responsible for her injuries. Naming the specific employees "is

10   particularly relevant to the legislative purpose of facilitating investigation and possible

11   settlement." 1 Cal. Government Tort Liability Practice (Cont.Ed.Bar 4th ed. 2006) § 6.5, p. 248.

12        Plaintiff's failure to comply with Government Code section 910(e) warrants dismissal of

13   all state law claims against Defendants Carter and Loera in their individual capacities.

14   **VI.**   **LOERA AND CARTER ARE IMMUNE FROM THE STATE LAW CLAIMS**

15        Plaintiff's arguments regarding why Sheriffs Loera and Carter are not entitled to federal

16   and state law immunities are contradictory. First, she argues that qualified immunity does not

17   apply because Loera and Carter "were responsible for the de facto policy and/or custom within

18   ICJ" that authorized sexual abuse of inmates." (Opp., 7:21-9:9.) She then argues that state

19   discretionary immunity does not apply because Loera and Carter were lower-level employees and

20   "fail[ed] to implement a basic policy that ha[d] already been formulated." (Opp., 12:2-19.) The

21   arguments are entirely inconsistent and magnify the fact that Plaintiff has named the Sheriffs

22   without evidence showing that they knew about or were involved in Morris' alleged misconduct.

23        Further illuminating Plaintiff's lack of specific knowledge that Loera and Carter

24   committed any wrongful act is Plaintiff's plea on page 12 of the Opposition. She requests that the

25   Court allow this matter to proceed, at least until the summary judgment stage, so she can

26   determine whether either of them knew of Morris' alleged misconduct. (Opp. 12:20-27.) Federal

27   and state laws require more than Plaintiff's unsupported hope that the Sheriffs were involved.

28        The cases Plaintiff cites in support of her argument are factually dissimilar to this case.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N West Avenue
Fresno, CA 93711

1   Conversely, the County Defendants have cited factually similar cases to support immunity under

2   both Government Code sections 820.2 and 820.8.

3   **VII.    THE BANE AND UNRUH ACTS DO NOT APPLY**

4           To avoid dismissal of her Bane Act claim, Plaintiff attempts to use the federal deliberate

5   indifference standard for supervisory liability to attribute state law liability for Morris' alleged

6   misconduct to Carter and Loera.  Plaintiff is literally making up law as she goes along.  As

7   discussed in the Motion to Dismiss, Plaintiff has not alleged that Carter or Loera threatened,

8   intimidated or coerced her into engaging in sexual activity with Morris.  Plaintiff's argument

9   regarding whether Morris' statements and conduct constitute threats or violence is irrelevant to

10  Carter and Loera.  Consequently, she cannot maintain a Bane Act claim against them in their

11  individual capacities.

12          To avoid dismissal of her Unruh Act claim, Plaintiff asks this Court to ignore two

13  Southern District decisions and find that a prison is a business establishment.  Plaintiff ignores the

14  fact that, even if this Court were to do as she asks, she has failed to allege that the Defendants

15  discriminated against her based on a protected class.  Thus, she is missing two essential elements

16  of an actionable Unruh Act claim.

17  **VIII.   CONCLUSION**

18          Based on the foregoing and the County Defendants' Motion to Dismiss, the County

19  Defendants respectfully request that the Court dismiss all of Plaintiff's claims against them.

20
    Dated: July 7, 2008                          Liebert Cassidy Whitmore
21

22

23                                              By: /s/ Jesse Maddox
                                                     Jesse J. Maddox
24                                                   J. Scott Tiedemann
                                                     Judith S. Islas
25                                                   Attorneys for Defendants
                                                     HAROLD CARTER, RAYMOND LOERA,
26                                                   COUNTY OF IMPERIAL, AND IMPERIAL
                                                     COUNTY SHERIFF'S DEPARTMENT
27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

1
2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF FRESNO**

3          I am employed in the County of Fresno, State of California.  I am over the age of 18 and

4     not a party to the within action; my business address is: 5701 N. West Avenue, Fresno, California

5     93711.

6          On July 7, 2008, I effectuated service of the foregoing document described as

7     DEFENDANTS HAROLD CARTER, RAYMOND LOERA, COUNTY OF IMPERIAL, AND

8     IMPERIAL COUNTY SHERIFF'S DEPARTMENTS REPLY TO PLAINTIFF'S OPPOSITION

9     TO MOTION TO DISMISS on the following parties by electronically filing the foregoing with

10    the Clerk of the United States District Court, Southern District of California using its ECF

11    System, which electronically notifies them:

12          David J. Zugman                           Terry Singleton
              Burcham & Zugman, A.P.C.                  Gerald Singleton
13          964 Fifth Avenue, Suite 300               Singleton & Associates
              San Diego, CA 92101                       1950 Fifth Ave., #200
14                                                      San Diego, CA 92101

15

16          Executed on July 7, 2008, at Fresno, California.

17          I declare that I am employed by the office of a member of the bar of this Court at whose

18    direction the service was made.

19    _____          _____
                Susan Brown                                /s/
20           Type or Print Name                        Signature

21

22

23

24

25

26

27

28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N West Avenue
Fresno, CA 93711

5113.2 IM040-032                              - 1 -                              08 CV 0601 JLS JMA

# PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Fresno County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 5701 N. West Avenue, Fresno, California 93711. On July 7, 2008, I deposited with Federal Express, a true and correct copy of the within documents:

> DEFENDANTS HAROLD CARTER, RAYMOND LOERA,
> COUNTY OF IMPERIAL, AND IMPERIAL COUNTY
> SHERIFF'S DEPARTMENTS REPLY TO PLAINTIFF'S
> OPPOSITION TO MOTION TO DISMISS

in a sealed envelope, addressed as follows:

> Steven M. Walker
> Michael A. Driskell
> Walker & Driskell
> 300 South Imperial Ave., Suite 9
> El Centro, CA 92243

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 7, 2008, at Fresno, California.

| Susan Brown | /s/ |
|---|---|
| Type or Print Name | Signature |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5701 N. West Avenue
Fresno, CA 93711

08 CV 0601 JLS JMA