# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA FERNANDEZ,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>JAMES RAY MORRIS; HAROLD CARTER; RAYMOND LOERA; COUNTY OF IMPERIAL; IMPERIAL COUNTY SHERIFF'S DEPARTMENT; and DOES 1-100, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 08-CV-0601 H (PCL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS BY DEFENDANTS CARTER, LOERA, IMPERIAL COUNTY AND IMPERIAL COUNTY SHERIFF'S DEPARTMENT** |

　　　On April 2, 2008, plaintiff Adriana Fernandez ("Plaintiff") filed a complaint against defendants James Ray Morris, Harold Carter, Raymond Loera, the County of Imperial and the Imperial County Sheriff's Department. (Doc. No. 1.) On May 21, 2008, defendants Carter, Loera, the County of Imperial ("County") and the Imperial County Sheriff's Department ("ICSD," collectively with Carter, Loera and the County, "Defendants") filed a motion to dismiss Plaintiff's complaint. (Doc. Nos. 5-6.) Plaintiff filed a response in opposition on June 30, 2008. (Doc. No. 9.) Defendants have filed a reply. (Doc. No. 13.)

　　　On July 10, 2008, the Court submitted the motions pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's complaint.

## **Background**

On March 19, 2007, Plaintiff was charged in federal court with importing marijuana into the United States. (Compl. ¶ 2.) Plaintiff was sent to the Imperial County jail, which contracts with the United States Marshal's Service to detain certain federal inmates in El Centro, California. (Id.) Plaintiff alleges that defendant Carter was times the elected Sheriff of Imperial County. (Id. ¶ 8.) Plaintiff alleges that defendant Loera was the Sheriff of Imperial County at all relevant times after Carter left that position. (Id. ¶ 9.) Plaintiff's complaint asserts that Carter and Loera each acted as the commanding officer of the Imperial County Sheriff's Department and was responsible for the training, suspension, hiring and conduct of defendant Morris. (Id. ¶¶ 8-9.)

Plaintiff's complaint alleges that during March and April of 2007, while Plaintiff was detained at the Imperial County jail, defendant Morris, who was employed as a deputy sheriff and assigned by the ICSD to work as a guard at that facility, used his position as a guard to pressure and coerce Plaintiff into having sexual relations with him. (Id.) Plaintiff also alleges that defendant Morris infected her with syphilis. (Id. ¶ 14.) According to Plaintiff's complaint, on September 13, 2007, defendant Morris pled guilty to one felony count of violating California Penal Code § 289.6, which provides that "[a]n employee or officer of a public entity . . . who engages in sexual activity with a consenting adult who is confined in a detention facility is guilty of a public offense." (Compl. ¶ 17.) Defendant Morris, who does not join this motion to dismiss, filed an answer to Plaintiff's complaint. (Doc. No. 10.) In his answer, defendant Morris "admits he had consensual sexual relations with two other females incarcerated at Imperial County jail." (Answer ¶ 3.)

Plaintiff's complaint asserts several claims against the County, the ICSD and defendants Carter and Loera, both of whom Plaintiff has sued in their individual and official capacities: (1) deprivation of Plaintiff's federally protected constitutional rights, pursuant to 42 U.S.C. § 1983; (2) battery; (3) negligent hiring, retention, supervision, training and control; (4) negligence; (5) intentional infliction of emotional distress; (6) violation of Cal. Civil Code §§ 52.1 and 52.3; and (7) violation of the Unruh Civil

Rights Act, Cal. Civ. Code §§ 51-51.3.[1] Plaintiff's complaint pleads several legal theories for imposing liability on Defendants based on the injuries that defendant Morris allegedly caused to Plaintiff. (See Compl. ¶¶ 25-28.) Plaintiff asserts that Defendants ratified or condoned defendant Morris's unlawful conduct, and/or that they acted with deliberate indifference to the rights and safety of Plaintiff. (Id. ¶ 30.) Plaintiff's complaint alleges that defendant Morris's sexual relationships with Plaintiff and other female inmates were known to other ICSD deputy sheriffs, including supervisory employees of the ICSD and the County who worked at the Imperial County jail. (Compl. ¶ 18.) Plaintiff also alleges that defendant Morris's actions resulted from official policy and/or a longstanding practice or custom of the County and the ICSD. (Id. ¶ 26.)

**Discussion**

In the present motion to dismiss, Defendants seek dismissal of Plaintiff's federal and state law claims on two alternative grounds. First, Defendants contend that Plaintiff failed to exhaust her administrative remedies before bringing this lawsuit. Second, Defendants contend that, even if Plaintiff exhausted her administrative remedies, Plaintiff's complaint does not state a claim on which relief can be granted. As discussed below, the Court denies Defendants' motion to dismiss on exhaustion grounds, and grants in part and denies in part Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.   Exhaustion**

The federal Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As a threshold matter, Plaintiff disputes whether her claim under 42 U.S.C. § 1983 is subject to the PLRA's exhaustion requirement, since she filed this action on April 2, 2008, subsequent to her March 15, 2008

---

[1] Plaintiff pled a claim for false imprisonment, but in her response in opposition to Defendants' motion to dismiss, Plaintiff stated that she does not oppose the dismissal of her claim for false imprisonment. (See Doc. No. 9.)

1  release from the custody of the Bureau of Prisons.  Plaintiff contends that at the time of
2  filing she was not a "prisoner" within the meaning of the PLRA and, therefore, the PLRA's
3  exhaustion requirement does not apply to this action.

4      For purposes of the present motion to dismiss, the Court concludes that Plaintiff's
5  section 1983 claim is subject to the exhaustion requirement of the PLRA.  Although at the
6  time she filed this complaint Plaintiff no longer was confined at the Imperial County jail,
7  Plaintiff is in a drug treatment program as a condition of her supervised release.  Plaintiff's
8  confinement in a drug treatment program is not voluntary, as her lawyer stated that he has
9  limited access to Plaintiff as a result of her present detention.  The PLRA defines
10 "prisoner" as "any person incarcerated or detained in any facility who is accused of,
11 convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the
12 terms and conditions of parole, probation, pretrial release, or diversionary program." 42
13 U.S.C. § 1997e(h).  Although the Ninth Circuit has not resolved this question, other circuits
14 have concluded that the PLRA applies to halfway houses and drug treatment facilities.  See
15 Ruggiero v. County of Orange, 467 F.3d 170 (2d Cir. 2006) (halfway house); Witzke v.
16 Femal, 376 F.3d 744, 753 (7th Cir. 2004) (drug treatment facility); compare Linares v.
17 Jones, 2007 WL 1601725 at *4 (D.D.C. 2007) ("it is very doubtful whether the PLRA's
18 exhaustion requirement applies to the circumstances surrounding Plaintiff's arrest and
19 initial police custody").

20      Under the PLRA, exhaustion is no longer within the discretion of the district courts
21 but is mandatory.  Woodford v. Ngo, 126 S.Ct,. 2378, 2382 (2006).  A prisoner must
22 "exhaust all available remedies, not just those that meet federal standards."  Id.  "Proper
23 exhaustion demands compliance with an agency's deadlines and other critical procedural
24 rules."  Id. at 2386.  The Ninth Circuit has stated that a Rule 12(b) motion to dismiss is "the
25 proper pretrial motion for establishing nonexhaustion" of administrative remedies.  Wyatt
26 v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The Ninth Circuit, however, has also
27 stressed that § 1997e(a) is an affirmative defense and, therefore, that the defendants
28 asserting it "have the burden of raising and proving the absence of exhaustion."  Id.; see

Brown v. Valoff, 422 F.3d at 936 ("it is of central importance that § 1997e(a) is an affirmative defense"). It is the defendants' responsibility to come forward with evidence demonstrating the existence of administrative remedies available to the plaintiff. Brown v. Valoff, 422 F.3d at 937.

Here, Defendants provide evidence that at all times during Plaintiff's incarceration, the County jail had a grievance procedure pursuant to title 15, section 1073 of the California Code of Regulations. (See Decl. of Lt. Robert Cortez ISO Defs.' Mot. to Dismiss ("Cortez Decl.") ¶¶ 8-10.) Under that grievance procedure, an inmate may submit an Inmate Grievance Form regarding issues concerning their custody, medical attention and jail policies and procedures. (Id.) Resolution of a grievance cannot include payment of money, but can prompt an investigation and/or correction of the problem. (Id. ¶ 13.) Defendants contend that during her incarceration at the County jail from March 16, 2007 to May 11, 2007, Plaintiff did not submit any grievance(s) regarding alleged misconduct by defendant Morris or defendants Carter and Loera. (Id. ¶ 15.)

The Court concludes that Defendants fail to satisfy their burden of demonstrating that Plaintiff failed to exhaust all available administrative remedies. Brown v. Valoff, 422 F.3d at 936. The parties dispute whether Plaintiff submitted any grievance(s) or other claim(s) while incarcerated at the Imperial County jail or any subsequent location: Plaintiff alleges that she presented claims to both the County and the ICSD, while Defendants contend that she did not (or did not do so in a timely fashion). The Court need not resolve this factual dispute on the present motion to dismiss, because the Court concludes that Defendants fail to sufficiently demonstrate what (if any) administrative remedies in fact were available to Plaintiff. Although grievance forms are available at all times to inmates incarcerated in the jail's General Population, as Plaintiff was from March 16, 2007 to April 2, 2007, see Cortez Decl. ¶ 9, inmates housed in administrative segregation, as Plaintiff was from April 2, 2007 until May 11, 2007, must request a grievance form from a correctional officer. (See Cortez Decl. ¶ 10.) Here, Plaintiff's complaint alleges that defendant Morris was the correctional officer who controlled Plaintiff during her confinement in

1  administrative segregation, including allegedly dictating the amount of Plaintiff's
2  recreation time. (See Compl. ¶ 16.) Defendants have submitted a copy of a document,
3  signed by Plaintiff, in which Plaintiff asserts that, after defendant Morris allegedly infected
4  her with syphilis, she submitted "medical requests to be seen, but was ignored." (See
5  Decl. of Jessica Cisneros ISO Defs.' Mot. to Dismiss, Ex. A.)

6      Additionally, Plaintiff alleges that on or about June 27, 2007, she was interviewed
7  without counsel present (although Plaintiff allegedly stated her desire to have counsel
8  present) by defendant Loera and another individual at a detention facility in San Diego.
9  (Compl. ¶ 22.) Plaintiff alleges that she was in custody during the questioning, which
10 allegedly took place in a small room and lasted approximately one hour, and that she did
11 not feel free to refuse to answer questions or terminate the encounter. (Id.) Under these
12 circumstances the Court concludes that Defendants fail to satisfy their burden to come
13 forward with evidence demonstrating the existence of administrative remedies that in fact
14 were available to Plaintiff. Brown v. Valoff, 422 F.3d at 937. Accordingly, the Court
15 declines to dismiss Plaintiff's claim under 42 U.S.C. § 1983 on grounds of non-exhaustion.

16     Defendants also seek dismissal of Plaintiff's state law claims on grounds of non-
17 exhaustion. See Wright v. State, 122 Cal. App. 4th 659, 668 (2004). For the reasons
18 discussed above with respect to Plaintiff's federal claim, the Court denies Defendants'
19 motion to dismiss Plaintiff's state law claims on exhaustion grounds. On this motion to
20 dismiss, the Court does not reach Defendants' argument that Plaintiff's state law claims
21 should be dismissed because Plaintiff failed to submit a claim to the County in compliance
22 with the California Tort Claims Act, Cal. Govt. Code § 810 et seq.

**II.     Rule 12(b)(6) Motion to Dismiss – Legal Standard**

24     Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim
25 either where that claim lacks a cognizable legal theory, or where insufficient facts are
26 alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696,
27 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the
28 complaint in the light most favorable to the plaintiff and accept all well-pleaded factual

allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, to survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff's obligation under Rule 8(a)(2) "to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." Id.

### A.     Plaintiff's § 1983 Claim

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must show (1) a violation of rights protected by the Constitution or federal law, that was (2) proximately caused by defendants acting under color of state law. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). However, section 1983 does not permit respondeat superior liability to be imposed on a supervising officer. E.g., Rise v. Oregon, 59 F.3d 1556, 1563 (9th Cir. 1995). To state a claim against a supervisor, such as a warden or sheriff, a plaintiff must allege that the supervisor had personal involvement in the alleged wrongful acts, or that a sufficient causal connection existed between the supervisor's wrongful conduct and the constitutional violation. See id.; Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id.

Here, the Court concludes that Plaintiff's complaint states a claim for relief under § 1983 against defendants Carter and Loera. Plaintiff also alleges that defendants Carter and Loera acted with deliberate indifference to Plaintiff's rights by failing to adequately supervise and train the guards at the County jail where Plaintiff was housed, and that those defendants knew their actions and/or omissions likely would result in a constitutional

violation. (Id. ¶¶ 28, 30.) The complaint alleges that Carter and Loera were personally responsible for the de facto policy or custom that allowed defendant Morris and other County jail guards to allegedly sexually abuse female inmates including Plaintiff. (See Compl. ¶ 27.) Particularly in light of the fact that defendant Morris allegedly was convicted for a felony involving having sex with multiple female inmates, the Court concludes that Plaintiff's complaint contains factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Accordingly, the Court denies Defendants' motion to dismiss with respect to Plaintiff's § 1983 claim against defendants Carter and Loera.

Next, the Court concludes that Plaintiff's complaint states a § 1983 claim against the County and the ICSD on which relief can be granted. "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). To support municipal liability, a plaintiff must show that the plaintiff's injuries resulted from the government agency's custom or official policy, and that the custom or policy was the "moving force" behind the constitutional violation. Monell, 436 U.S. at 694. Here, Plaintiff alleges that a pattern of sexual abuse of female inmates existed at the County jail pursuant to a de facto policy and/or custom of the County and the ICSD. (See Compl. ¶¶ 1, 3-4.) Plaintiff also asserts that the alleged abuse by defendant Morris resulted from these entities' lack of supervision and training, as well as their failure to adequately respond to a problem that allegedly was widespread and well known within the County jail. (Id. ¶¶ 3-4, 18.) The Court concludes that Plaintiff's complaint adequately alleges that a custom or official policy of the County and/or the ICSD was the "moving force" behind her alleged injuries. Monell, 436 U.S. at 694. Accordingly, the Court denies Defendants' motion to dismiss with respect to the County and the ICSD.

The Court notes that Defendants argue that the ICSD is not a separate legal entity from the County. (See Defs.' Mot. to Dismiss at 21.) Since a motion to dismiss under Rule 12(b)(6) is limited to the allegations of Plaintiff's complaint, which pleads a § 1983 claim

against the County and the ICSD as separate parties, the Court denies without prejudice Defendants' request that the ICSD be dismissed from this action as an unnecessary party.

### 1.     Qualified Immunity – Defendants Carter and Loera

Government officials enjoy qualified immunity from civil damages unless a plaintiff shows that their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), see Saucier v. Katz, 533 U.S. 194, 201 (2001). "In analyzing a qualified immunity defense, [the court] must determine: (1) what right has been violated; (2) whether that right was so 'clearly established' at the time of the incident that a reasonable officer would have been aware of its constitutionality; and (3) whether a reasonable public officer could have believed that the alleged conduct was lawful." Jensen v. City of Oxnard, 145 F.3d 1078, 1085 (9th Cir. 1998). For purposes of determining whether the alleged conduct violates clearly established law of which a reasonable person would have known, courts assume as true the version of the material facts asserted by the plaintiff. See Schwenk v. Hartford, 204 F.3d 1187, 1195 (9th Cir. 2000).

Here, Plaintiff's complaint alleges that defendants Carter and Loera were responsible for a policy and/or custom within the Imperial County jail that allowed sexual abuse of female inmates by male guards. (See Compl. ¶ 28.) Far from being an isolated incident involving Plaintiff, the complaint alleges that the sexual abuse by guards including defendant Morris was widespread and was well known to deputy sheriffs and other supervisory employees at the jail. (Id. ¶ 18.) Plaintiff alleges that defendants Carter and Loera knew of the abuse but were deliberately indifferent to Plaintiff's constitutionally protected rights. (Id. ¶¶ 18, 28.)

The Court concludes that the right to be free from coerced sexual relations constitutes a clearly established right of which a reasonable public official would have known. "A sexual assault on an inmate by a guard . . . is deeply offensive to human dignity." Schwenk v. Hartford, 204 F.3d at 1197. The Supreme Court has held that prison officials may be liable under the Eighth Amendment for the rape of an inmate by another

inmate if the officials knew that the victim faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847; see Schwenk, 204 F.3d at 1197. In this case, however, the alleged sexual abuse occurred at the hands of prison officials themselves, and Plaintiff alleges that defendants Carter and Loera were responsible for a policy and/or custom within the jail that allowed that abuse to occur. (Compl. ¶ 28.) Plaintiff alleges that Carter and Loera knew of the abuse but were deliberately indifferent to Plaintiff's rights. (Id. ¶¶ 18, 28.) "Where guards themselves are responsible for the rape and sexual abuse of inmates, qualified immunity offers no shield." Schwenk v. Hartford, 204 F.3d at 1197; see id. ("the shield that qualified immunity provides is limited to those officials who are either unaware of the risk or who take reasonable measures to counter it"). For purposes of the present motion to dismiss, the Court concludes that defendants Carter and Loera do not enjoy qualified immunity from Plaintiff's § 1983 claim. Accordingly, the Court denies their motion to dismiss on that ground, without prejudice to Defendants' ability to raise qualified immunity at a later stage of this action if supported by the evidence.

### B.    Plaintiff's State Law Claims

Plaintiff's complaint asserts claims under state law for battery; negligent hiring, retention, supervision, training and/or control; negligence; intentional infliction of emotional distress; violation of Cal. Civil Code §§ 52.1 and 52.3; and violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-51.3. Defendants seek dismissal of Plaintiff's state law claims on several grounds.

#### 1.    Immunity – Defendants County and ICSD

Cal. Govt. Code § 844.6(a) provides that "a public entity is not liable for . . . an injury to any prisoner." Cal. Govt. Code § 844.6(a)(2); see Wright v. California, 122 Cal. App. 4th 659, 671-72 (2004). . Here, it is undisputed that the County and the ICSD constitute "public entit[ies]" and that Plaintiff was a "prisoner" when she suffered the injuries alleged in her complaint. Additionally, Plaintiff's response in opposition acknowledges that this immunity applies to her state law claims. (See Plf's. Oppo. to

Defs.' Mot. to Dismiss at 14.) Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's state law claims against the County and the ICSD.

### 2. Immunity – Defendants Carter and Loera

Pursuant to the California Government Code, "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Govt. Code § 820.2. Defendants argue that under this provision defendants Carter and Loera are entitled to immunity with respect to Plaintiff's state law claims based on their alleged negligent hiring, retention, supervision and/or control of defendant Morris. The Court concludes that the immunity provided by Government Code § 820.2 does not extend to the actions and/or omissions alleged in Plaintiff's complaint. For purposes of that statute, "[i]mmune discretionary acts involve planning and policymaking whereas unprotected ministerial acts involve operational functions of government." Doe 1 v. City of Murrieta, 102 Cal. App. 4th 899, 912 (2002). "Immunity is reserved for those basic policy decisions which have been expressly committed to coordinate branches of government." Id. (internal alterations omitted). Here, Plaintiff asserts claims for battery, negligence and negligent failure to properly supervise subordinate employees including defendant Morris. The Court concludes that the alleged conduct of defendants Carter and Loera in this case does not qualify for "discretionary act[]" immunity within the meaning of Government Code § 820.2.

As to Plaintiff's remaining state law claims, Defendants seek dismissal on two grounds. First, they argue that Plaintiff failed to comply with the California Tort Claims Act before commencing this lawsuit. Second, they argue that Plaintiff's complaint fails to state a claim and should be dismissed pursuant to Rule 12(b)(6).

### 3. California Tort Claims Act Requirements

The California Tort Claims Act "requires that any civil complaint for money damages first be presented to and rejected by the pertinent public entity." Ard v. County of Contra Costa, 93 Cal. App. 4th 339, 343 (2001); see Cal. Govt. Code §§ 910, 912.4, 912.8,

1  945.4.) Upon receiving a claim, the public entity must grant or deny it within 45 days; if
2  the entity fails to act within that time, the claim is considered denied. Cal. Govt. Code §
3  912.4. "[I]f the injured party fails to file a timely claim, a written application may be made
4  to the public entity for leave to present such claim." Ard, 93 Cal. App. 4th at 343; see Cal.
5  Govt. Code § 911.4(a). "If the public entity denies the application, section 946.6 authorizes
6  the injured party to petition the court for relief from the claim requirements." Ard, 93 Cal.
7  App. 4th at 343. "If the court makes an order relieving the petitioner from [the claim
8  requirements], suit on the cause of action to which the claim relates shall be filed with the
9  court within 30 days thereafter." Id.

10  Here, Plaintiff's complaint alleges that she presented claims to the County and the
11  ICSD. (Compl. ¶ 23.) The complaint alleges that the ICSD denied Plaintiff's claim, and
12  that Plaintiff never received a response to the claim that she filed with the County. (Id.)
13  Therefore, Plaintiff alleges, that claim was denied by operation of law. (Id.) Based on
14  these allegations, which the Court accepts as true for purposes of the present motion to
15  dismiss, the Court concludes that Plaintiff's complaint adequately alleges compliance with
16  the requirements of the California Tort Claims Act. Although the parties dispute the
17  timeliness of any claim filed by Plaintiff, the Court concludes that this is a factual issue,
18  beyond the allegations of Plaintiff's complaint, that is not appropriate for resolution on a
19  motion to dismiss under Rule 12(b)(6).

### 4. Sufficiency of Plaintiff's State Law Claims

21  Finally, the Court addresses whether Plaintiff's state law claims against defendants
22  Carter and Loera survive Defendants' motion to dismiss for failure to state a claim upon
23  which relief can be granted. Fed. R. Civ. P. 12(b)(6).

#### (a) Bane Civil Rights Act

25  California Civil Code § 52.1, commonly known as the Bane Civil Rights Act,
26  provides that "[a]ny individual whose exercise or enjoyment of rights secured by the
27  Constitution or laws of the United States, or of rights secured by the Constitution or laws of
28  this state, has been interfered with, or attempted to be interfered with [by threats,

intimidation, or coercion], may institute and prosecute . . . a civil action for damages." Cal. Civ. Code § 52.1(b). To state a claim under the Bane Civil Rights Act, Cal. Civ. Code § 52.1, a plaintiff must allege (1) "violence or intimidation by threat of violence," and (2) that the violence or threatened violence was "due to plaintiff's membership in one of the specified classifications set forth in Civil Code section 51.7 or a group similarly protected by constitution or state statute from hate crimes." Cabesuela v. Browning-Ferris Industries of California, Inc., 68 Cal. App. 4th 101, 111 (1998). Civil Code section 51.7 provides that "[a]ll persons within the jurisdiction of this state have the right to be free from violence, o

Here, Plaintiff's complaint alleges that "[t]he conduct of Defendants Morris, and Does 1-100, interfered with, violated and attempted to interfere with, by intimidation and force, Plaintiff's inalienable rights guaranteed by Article I, Sec. 1, of the California Constitution." (Compl. ¶ 58.) Plaintiff's complaint further alleges that "[s]aid conduct interfered with Plaintiff's right of protection from bodily harm guaranteed by section 43 of the California Civil Code" and "violated Plaintiff's rights as guaranteed by California Civil Code §§ 52.1 and 52.3." (Id.)

The Court concludes that these allegations fail to state a claim under the Bane Act for relief against defendants Carter and Loera. Plaintiff's complaint does not allege that either Carter or Loera used violence on her or subjected her to threats of violence. Instead, Plaintiff's complaint alleges that defendant Morris interfered (by violence or threats of violence) with Plaintiff's constitutional rights, see Compl. ¶ 58, and that defendants Carter and Loera are liable for those actions because they occurred pursuant to an alleged custom or policy for which those defendants were responsible. While this allegation is relevant with respect to Plaintiff's § 1983 claims, Plaintiff cites no authority for the proposition that it supports a Bane Act claim against defendants Carter and Loera. Moreover, Plaintiff's complaint fails to allege Plaintiff's membership in a protected group pursuant to California Civil Code § 51.7. Cabesuela v. Browning-Ferris Industries of California, Inc., 68 Cal. App. 4th at 111. Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim against defendants Carter and Loera for violating the Bane Civil Rights Act. The

1 Court grants Defendants' motion to dismiss with respect to that claim.

### (b) Unruh Civil Rights Act

California Civil Code § 51 prohibits discrimination in "business establishments" on the basis of sex, race, color, religion, ancestry, national origin, or disability. Defendants argue that Plaintiff's claims against defendants Carter and Loera under § 51 should be dismissed because the County jail does not constitute a "business establishment" within the meaning of the statute. The Court agrees. Interpreting Cal. Civ. Code § 51, the California Court of Appeals concluded that "[t]he word 'business' embraces everything about which one can be employed, and it is often synonymous with calling, occupation or trade, engaged in for the purpose of making a livelihood or gain." O'Connor v. Village Green Owners Assn., 33 Cal. 3d 790, 795 (1993). The Court concludes that a municipal jail does not qualify as a business establishment for purposes of Civil Code § 51. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claim under California's Unruh Act.

### (c) Plaintiff's Tort Claims

Finally, the Court addresses the sufficiency of Plaintiff's tort claims with respect to defendants Carter and Loera.

"A battery is an intentional and offensive touching of a person who has not consented to the touching." See Conte v. Girard Orthopaedic Surgeons Medical Group, Inc., 107 Cal. App. 4th 1260, 1266 (2003). Here, Plaintiff alleges that defendant Morris intentionally made physical contact with Plaintiff, without Plaintiff's valid consent. (Compl. ¶¶ 38-39.) Plaintiff alleges that defendants Morris's touching was both offensive and harmful, as it allegedly infected her with syphilis. (Id. ¶ 39.) Plaintiff's complaint alleges that defendants Carter and Loera are liable for defendant Morris's alleged battery of Plaintiff because Carter and Loera aided, abetted, ratified and/or condoned defendant Morris's actions. (Id.) "Liability may be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the

person's own conduct, separately considered, constitutes a breach of duty to the third person." <u>Casey v. U.S. Bank National Assn.</u>, 127 Cal. App. 4th 1138, 1144 (2005).

Here, as the Court noted above in connection with Plaintiff's § 1983 claim, the complaint alleges that defendants Carter and Loera acted with deliberate indifference to Plaintiff's rights by failing to adequately train and supervise the deputy sheriffs at the jail where Plaintiff was housed, and that defendants Carter and Loera knew that their actions and/or omissions likely would result in a violation of Plaintiff's rights. (<u>See</u> Compl. ¶¶ 28, 30.) The Court concludes that the allegations of Plaintiff's complaint, read in a light favorable to Plaintiff, adequately allege that Carter and Loera gave "substantial assistance" to defendant Morris "in accomplishing a tortious result" and that Carter's and Loera's "own conduct, separately considered, constitute[d] a breach of duty to" Plaintiff. <u>See</u> <u>Casey v. U.S. Bank National Assn.</u>, 127 Cal. App. 4th at 1144. Accordingly, the Court denies Defendants' motion to dismiss with respect to Plaintiff's battery claim against defendants Carter and Loera.

The Court also denies Defendants' motion to dismiss Plaintiff's negligence claims against defendants Carter and Loera. Plaintiff's complaint alleges that Carter and Loera, acting as the Sheriff in control of the jail where Plaintiff was housed, acted negligently in the hiring, training, retention, supervision and/or control of defendant Morris, who was a deputy sheriff at the time he allegedly coerced Plaintiff into having sex with him. (Compl. ¶ 46.) The complaint alleges that defendant Morris had sex with multiple female inmates (and Morris allegedly pled guilty to doing so), that other guards engaged in similar misconduct, and that it constituted a pattern or practice widely known within the jail and to supervisory employees including Carter and Loera. (<u>See</u> Compl. ¶¶ 18, 46.) The Court concludes that these allegations suffice to plead "the well known elements of any negligence cause of action: duty, breach of duty, proximate cause and damages." <u>Artiglio v. Corning Inc.</u>, 18 Cal. 4th 604, 614 (1998). Accordingly, the Court denies Defendants' motion to dismiss with respect to Plaintiff's claims against defendants Carter and Loera for negligence and negligent hiring, retention, supervision, training and control.

1   Finally, Plaintiff asserts a claim against defendants Carter and Loera for intentional
2   infliction of emotional distress. "The elements of the tort of intentional infliction of
3   emotional distress are: '(1) extreme and outrageous conduct by the defendant with the
4   intention of causing, or reckless disregard of the probability of causing, emotional distress;
5   (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and
6   proximate causation of the emotional distress by the defendant's outrageous conduct.'"
7   Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991). Plaintiff alleges that defendant
8   Morris intentionally violated Plaintiff's civil rights and committed battery upon Plaintiff.
9   (Compl. ¶ 53.) With respect to Carter and Loera, however, the Court concludes that the
10  allegations of Plaintiff's complaint fail to state a claim for intentional infliction of
11  emotional distress. Plaintiff asserts merely that Carter and Loera "confirm[ed] and
12  ratif[ied]" the conduct of defendant Morris. (Compl. ¶ 54.) Although Plaintiff alleges that
13  Carter and Loera did so "with the knowledge that Plaintiff's physical and emotional
14  distress would thereby increase," id., Plaintiff does not allege "extreme and outrageous
15  conduct" by Carter and/or Loera. Christensen v. Superior Court, 54 Cal. 3d at 903.
16  Although Plaintiff has alleged the existence of a custom or policy that allowed a pattern of
17  sexual abuse to occur, the Court concludes that Plaintiff fails to allege specific "extreme
18  and outrageous conduct" by Carter or Loera that was undertaken with the "intention of
19  causing, or reckless disregard of the probability of causing, emotional distress" to Plaintiff.
20  Christensen v. Superior Court, 54 Cal. 3d at 903. Accordingly, the Court grants
21  Defendants' motion to dismiss Plaintiff's claim against defendants Carter and Loera for
22  intentional infliction of emotional distress.
23  Defendants filed objections to a declaration submitted by Plaintiff in support of
24  Plaintiff's response in opposition. (See Doc. No. 14.) In ruling on the present motion to
25  dismiss, the Court has considered only such evidence as is proper under the law.
26  Additionally, the Court has taken judicial notice as requested by Defendants. (See Doc.
27  No. 6-4.)
28  ///

**Conclusion**

For the reasons stated above, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiff's complaint, as follows:

1. The Court denies Defendants' motion to dismiss Plaintiff's § 1983 claims against all defendants.

2. With respect to the County and the ICSD, the Court grants Defendants' motion to dismiss with respect to all of Plaintiff's state law claims.

3. With respect to defendants Carter and Loera, the Court grants Defendants' motion to dismiss with respect to Plaintiff's claims under the Bane Civil Rights Act and the Unruh Act, as well as Plaintiff's claim for intentional infliction of emotional distress.

4. The Court dismisses in its entirety Plaintiff's claim for false imprisonment. In all other respects, the Court denies Defendants' motion to dismiss.

The Court grants Plaintiff leave to amend the complaint. Plaintiff may file an amended complaint within 30 days of the date this Order is stamped "filed." The parties at any time may contact the chambers of the magistrate judge assigned to this case to schedule an early neutral evaluation conference. If Defendants file an answer to Plaintiff's present complaint or any amended complaint, the parties shall schedule an early neutral evaluation conference pursuant to Local Civil Rule 16.1(c).

IT IS SO ORDERED.

DATED: July 16, 2008

                                            MARILYN L. HUFF, District Judge
                                            UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.