LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   ADRIANA FERNANDEZ,                    CASE NO. 08-cv-0601-H (CAB)

12             Plaintiff,

13   v.                                    **AMENDED PROTECTIVE ORDER**

14   JAMES RAY MORRIS, HAROLD
     CARTER, RAYMOND LOERA,
15   COUNTY OF IMPERIAL, IMPERIAL
     COUNTY SHERIFF'S DEPARTMENT,
16   and DOES 1 - 100, inclusive,

17             Defendants.

18

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

**PROTECTIVE ORDER**

1.      Disclosure and discovery activity in this action has identified confidential and/or private documents and information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation is warranted.

2.      The following definitions shall apply to this Stipulation and Order:

(a)      This "action" shall refer to the action entitled *Adriana Fernandez v. James Ray Morris, Harold Carter, Raymond Loera, County of Imperial, Imperial County Sheriff's Department, et al.*, which is pending in the United States District Court, for the Southern District, California, (the "Court"), Case Number 08-CV-0601-H(CAB), and any appeal thereof through final judgment.

(b)      "Confidential document" shall mean any document, material or thing containing confidential employment, or other similar confidential or private information (as defined herein).

(c)      "Confidential information" shall mean any employment, or other similar confidential or private information not previously produced to the public or made available to the public and which the parties agree or the Court determines should be protected from disclosure pursuant to this Stipulation and Order.  Only "Confidential information" and no other information shall be designated as confidential.

(d)      Confidential information and documents that are "Attorney's Eyes Only" shall mean information and documents that are entitled to heightened protection due to security risks that would result from public disclosure of the information or documents.  "Attorney's Eyes Only" information and documents shall be viewed only by counsel of record of the receiving party, and as necessary, by  office staff, retained experts, consultants, or investigators of counsel of record, under the conditions set forth in paragraph 10 below.

(e)      "Producing party" shall mean the person or entity producing documents, information or other materials in this action.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

- 2 -

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

1    (f)    "Legend" as used herein shall mean a large bold stamp or similar

2  insignia stating either "CONFIDENTIAL", "THIS DOCUMENT CONTAINS

3  CONFIDENTIAL INFORMATION PROTECTED BY COURT ORDER", or

4  "ATTORNEY'S EYES ONLY DOCUMENT CONTAINS CONFIDENTIAL

5  INFORMATION PROTECTED BY COURT ORDER" ("ATTORNEY'S EYES ONLY")

6  When any document is so designated pursuant to this Stipulation and Order, the legend

7  shall be affixed to the cover of such document.

8    (g)    When reference is made in this Stipulation and Order to any

9  document or party, the singular shall include the plural, and the plural shall include the

10  singular.

11    3.    The parties agree that the following shall constitute Confidential documents

12  and/or information subject to the provisions of this Stipulation and Order:

13    (a)    Administrative Investigations of any Imperial County Sheriff's

14  Office ("ICSO") officer;

15    (b)    2007 Administrative Investigation regarding allegations against

16  James Morris, including all audio and video-taped interviews;

17    (c)    James Morris' Training File;

18    (d)    James Morris' Pre-employment Background Investigation;

19    (e)    Personnel files of any correctional officer of ICSO including James

20  Morris' Personnel File;

21    (f)    ICSO's Administrative Investigation into Adriana Fernandez' written

22  complaint to the ICSO;

23    (g)    2005 Administrative Investigation regarding allegations against

24  James Morris;

25    (h)    2007-2008 Administrative Investigation regarding Brenda-Flores-

26  Nunez' allegations against Corban Dillion, including all audio and video-taped interviews;

27    (i)    Administrative Investigation regarding allegations against Saul

28  Lazaro;

- 3 -

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

1                (j)      Inmate Records; and

2                (k)     Correctional officer and inmate medical records.

3      Duplicate copies of documents designated as Confidential shall also be treated as

4  confidential, irrespective of the files in which they are contained or the Bates numbers, if

5  any, given to the documents.

6      4.     The Parties agree that the following shall constitute Confidential

7  "Attorney's Eyes Only" documents and/or information subject to the provisions of this

8  Stipulation and Order:

9                (a)     The names, addresses and telephone numbers of inmates;

10              (b)     The documents relating to Adriana Fernandez produced by the

11  United States Probation Office, in response to an order granting permission to answer

12  subpoena; and

13              (c)     Any diagram of the Imperial County Jail.

14      Duplicate copies of documents designated as "Attorney's Eyes Only" shall also be

15  treated as "Attorney's Eyes Only" irrespective of the files in which they are contained or

16  the Bates numbers, if any, given to the documents

17      5. Additional documents may be designated "Confidential" or "Attorney's Eyes

18  Only" pursuant to written agreement of the Parties.  This Stipulation and Order does not

19  waive a party's right to subsequently challenge any other party's designation of any

20  document as "Confidential" or constitute an admission that any document designated as

21  Confidential is in fact Confidential or entitled to protection as a Confidential document.

22      6.     All documents that are designated "Confidential" shall be used for purposes

23  of discovery, motions, briefs, expert review, the trial and preparation for trial in this

24  action, and on appeal, if any, and  for no other purpose whatsoever, and consistent with all

25  other limitations set forth herein.

26      7.     Except as set forth herein, Confidential documents, all copies thereof, and

27  any summaries, charts or notes made there from, and any facts or information contained

28  therein or derived there from, shall be disclosed only to the Court and/or to:

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

- 4 -

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

1    (d)    the parties hereto and their agents and employees;

2    (e)    counsel for the parties hereto and their agents, employees, paralegals,

3  or other secretarial and clerical employees or agents;

4    (f)    consultants and experts retained by one or more of the parties to this

5  action or their counsel, to assist regarding discovery, motions, briefs, the trial and

6  preparation for trial in this action, and on appeal, if any, or any other matter, issue or

7  proceeding related to this action;

8    (g)    deponents and their counsel;

9    (h)    stenographic reporters who are involved in depositions, the trial or

10  any hearings or proceedings, or appeal, if any, before the Court in this action;

11    (i)    potential or actual witnesses at the trial of this action;

12    (j)    individuals who have been or are otherwise in possession of the

13  Confidential documents.

14    Confidential documents may be disclosed to persons listed in (a) and (f) of this

15  paragraph only after such person has been shown a copy of this Stipulation and Order, and

16  has been advised of the terms and operation of this Stipulation and Order, and agrees to be

17  bound by the terms of this Stipulation and Order in the form attached hereto as Exhibit A;

18  provided, however, a party who has produced Confidential documents may disclose its

19  own documents to any persons, with or without any conditions to such disclosure, as it

20  deems appropriate.

21    8.    In the case of Confidential documents or information based on Confidential

22  documents revealed during a deposition, if designation of a transcript as Confidential or

23  any portion thereof, including exhibits, is made by any party or her or his counsel to that

24  effect on the record, or is otherwise made before the stenographer transcribing such

25  deposition has disseminated to counsel for the parties the transcript of the deposition, the

26  stenographer shall affix the confidential legend to the cover page and all appropriate pages

27  of the transcript, and to each copy thereof.

28    9.    Subject to public policy, and further court order, nothing labeled

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1  "Confidential" or "Attorney's Eyes Only" shall be filed under seal, and the court shall not

2  be required to take any action, without separate prior order by the Judge before whom the

3  hearing or proceedings will take place, after application by the affected party with

4  appropriate notice to opposing counsel.

5          10.      All documents and information designated "Attorney's Eyes Only" shall be

6  used for purposes of providing information to counsel of record in this action, and shall

7  only be disclosed to counsel of record in this action. Counsel of record in this action shall

8  not disclose "Attorney's Eyes Only" documents or information to any other person,

9  except his or her office staff that assists with work in this action and as necessary,

10  investigators, experts or consultants retained by counsel of record in this action. Prior to

11  any disclosure to such office staff, investigators, experts or consultants, those individuals

12  must sign Exhibit "A", agreeing to be bound by this Stipulation and Protective Order and

13  any such office staff, investigators, experts, or   consultants shall not disclose any

14  "Attorney's Eyes Only" documents or information to any other person. Documents and

15  information designated as "Attorney's Eyes Only" may be filed with the Court in

16  connection with motions and trial in this action, but due to the security issues that could

17  result from public disclosure of certain inmate and jail information included in the

18  "Attorney's Eyes Only" documents and/or information, all documents and information

19  labeled "Attorney's Eyes Only" shall be filed or lodged in a sealed envelope marked on

20  the outside with the title of this action, and general nature of each document within, and a

21  statement in substantially the following form:

22          CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

23          THIS     ENVELOPE     CONTAINS     THE     ABOVE     IDENTIFIED     PAPERS

24          FILED/LODGED BY (NAME OF PARTY) AND IS NOT TO BE OPENED NOR

25          THE   CONTENTS   THEREOF   DISPLAYED,   EXCEPT   BY   THE   COURT,

26          PURSUANT TO COURT ORDER, OR BY WRITTEN STIPULATION OF THE

27          PARTIES.

28  Any party may apply for any additional protections deemed prudent and necessary, or

- 6 -

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

1  seek other relief, in connection with the use of "Attorney's Eyes Only" documents or

2  information at trial or at the hearing on any motion, in this action.

3       11.  Notwithstanding anything to the contrary contained herein, all objections as to

4  the admissibility of evidence of the discovery material subject to this Stipulation and

5  Order are reserved and are not waived by any terms of this Stipulation and Order.

6  Nothing shall restrict the use of Confidential documents at trial, so long as such use is in

7  accordance with the provisions of this Stipulation and Order, unless modified by the

8  Court.

9       12.  If at any time, any document or information protected by this Stipulation and

10  Order is subpoenaed by any Court, administrative or legislative body, or is requested by

11  any other person or entity purporting to have authority to require the production of such

12  information, the party whom the subpoena or other request is directed shall give written

13  notice thereof to the Producing party of that document and/or information within five (5)

14  days of the date of the subpoena or other formal request.  After receipt of the notice

15  specified under this paragraph, the Producing party shall have the sole responsibility for

16  obtaining any order it believes necessary to prevent disclosure of documents designated

17  Confidential and Confidential information, as well as any "Attorney's Eyes Only"

18  information and documents.

19       13.  The termination of proceedings in this action shall not relieve the parties from

20  the obligation of maintaining the confidentiality of all Confidential or "Attorney's Eyes

21  Only" documents and information produced and designated pursuant to this Stipulation

22  and Order, unless the Court orders otherwise.  Upon the final disposition of this action,

23  including the completion or running time for any available appeals, the attorneys for the

24  parties shall return to the Producing party within thirty (30) days any documents (and all

25  copies thereof) which have been designated as "Confidential" or "Attorney's Eyes Only"

26  and will abide by this Stipulation and Order with respect to any such information.

27       14.  The attorneys in this litigation will advise their clients, consultants, experts

28  and agents of the contents of this Stipulation and Order.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

- 7 -

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

1    15.    This Stipulation and Order does not preclude any party from bringing a

2   motion to quash or modify a subpoena, a motion to compel documents, a motion for

3   protective order, a motion in limine before trial to preclude the admission into evidence of

4   documents, or any other type of motion, related to documents or information protected

5   under this Stipulation and Order.

6         For good cause shown, the foregoing Stipulation shall be the Order of this Court.

7      **IT IS SO ORDERED.**

8

9   DATED:  May 4, 2009      _____

10                          **CATHY ANN BENCIVENGO**
                            United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED PROTECTIVE ORDER
CASE NO. 08-cv-0601-H (CAB)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA  90045

## EXHIBIT "A"

## UNDERSTANDING AND AGREEMENT RE "STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS AND ORDER THEREON"

I hereby state that I have read and received a copy of the Stipulated Protective Order re Confidential Documents and Order Thereon ("Stipulation and Order") in the action entitled *Adriana Fernandez v. James Ray Morris, Harold Carter, Raymond Loera, County of Imperial, Imperial County Sheriff's Department, et al.*, which is pending in the United States District Court, for the Southern District, California, Case Number 08-cv-0601-H(CAB).  I understand the terms of the Stipulation and Order, and agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Stipulation and Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address